## McSorley v. Allen, Appellant.

*Landlord and tenant—Covenants—Lease—Heat and light—Eviction.*

If a landlord neglects and refuses to furnish heat and light which his covenants require him to furnish, and the premises are thereby rendered unfit for occupancy, the law will not require the tenant to first pay the rent, and then sue for damages suffered by the landlord's breach of his covenants.

Physical expulsion is not now considered necessary to constitute an eviction. Any act of a landlord which deprives his tenant of that beneficial enjoyment of the premises to which he is entitled under a lease, will amount in law to an eviction and suspend the rent.

*Landlord and tenant—Covenant—Removal of garbage—Inducement—Parol evidence—Evidence.*

A tenant may set up against his landlord a parol agreement of the latter in reference to the removal of garbage, if he shows that the parol agreement was made at the time of the execution of the lease, that it was one of the moving considerations for its execution, and that without it the lease would not have been executed.

Argued April 15, 1908. Appeal, No. 15, April T., 1908, by defendant, from order of C. P. No. 1, Allegheny Co., June T., 1907, No. 109, refusing rule to open judgment in case of John McSorley to use of Elizabeth H. Kitzmiller v. John Ernest Allen. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

272 McSORLEY *v.* ALLEN, Appellant.

Statement of Facts—Opinion of the Court. [36 Pa. Superior Ct.

Rule to open judgment.

The facts appear by the opinion of the Superior Court.

*Error assigned* was order refusing rule to open judgment.

*Thomas Watson,* with him *Geo. R. Wallace,* for appellant.—
To constitute an eviction, in law, actual physical expulsion is
not necessary, but any act of the landlord which deprives the
tenant of that beneficial enjoyment of the premises to which
he is entitled under the lease, will amount, in law, to an evic-
tion and suspend the rent: Hoeveler v. Fleming, 91 Pa. 322;
Oakford v. Nixon, 177 Pa. 76.

The failure to furnish an adequate supply of heat to the
tenant, in violation of the landlord's express covenant to do
so, is, without more, such a deprivation of the beneficial en-
joyment of the premises as amounts to an eviction, justify-
ing the tenant in abandoning the premises, and subsequent
rent, in consequence, is abated: Ryan v. Jones, 2 N. Y. Misc.
Rep. 65; Filkins v. Steele, 124 Iowa, 742 (100 N. W. Repr.
851); Rogers v. Babcock, 139 Mich. 94 (102 N. W. Repr. 636);
Trenkmann v. Schneider, 26 N. Y. Misc. 695; Jackson v. Far-
rell, 6 Pa. Superior Ct. 31; Bass v. Rollins, 63 Minn. 226 (65
N. W. Repr. 348); Koehler v. Schneider, 15 Daly's Rep.
(N. Y.) 198; Piper v. Fletcher, 115 Iowa, 263 (88 N. W. Repr.
380).

*D. C. Jennings,* with him *W. K. Jennings,* for appellee.

OPINION BY MORRISON, J., May 14, 1908:

The defendant leased from the legal plaintiff for one year
from April 1, 1906, a housekeeping apartment in the building
known as "Ansonia" apartments, Pittsburg. The lease con-
tained this provision: "Lessor agrees to furnish steam heat
for the entire apartment from October 15 to April 15, and
hot water the entire year, except in case of accident or unavoid-
able cause, janitor service for all public places, heat and light
for public halls, &c." The rent reserved was $55.00 per month
payable in advance. The defendant's petition, hereafter re-

ferred to, averred prompt payment of rent so long as he occupied the premises; that during October, November and December, plaintiff failed to perform his contract to furnish heat and janitor service; that after repeated notices to the plaintiff, landlord, defendant removed from the premises in the latter part of December, having first paid his rent in full to that date. The written lease contained a warrant of attorney for the confession of judgment, and the plaintiff caused a judgment to be confessed and entered for the rent for the remainder of the term. Defendant then presented in the court below his petition to open the judgment and let him into a defense because the landlord had failed to perform his covenants and the premises had become uninhabitable for want of heat, light, etc., to such an extent as to amount in substance to an eviction.

To this petition no answer was filed and the learned court below refused to even grant a rule to show cause. The court held that the breaches set up in the petition did not constitute an eviction or its equivalent, and that the defendant should pay the rent for the full term and then sue the landlord for any damages he may have suffered. We find ourselves unable to agree with this view of the law. The petition shows prima facie grounds for opening the judgment and relieving the defendant from paying the rent for the portion of the term that he did not occupy the leased premises. If the landlord neglected and refused to furnish the heat, light, etc., which his covenants required him to furnish, and the premises were thereby rendered unfit for occupancy, the law will not require the defendant to first pay the rent and then sue for damages suffered by the landlord's breach of his covenants.

Physical expulsion is not now considered necessary to constitute an eviction. Any act of a landlord which deprives his tenant of that beneficial enjoyment of the premises to which he is entitled under a lease, will amount in law to an eviction and suspend the rent: Hoeveler v. Fleming & Co., 91 Pa. 322; Oakford v. Nixon et al., 177 Pa. 76; Gallagher v. Burke, 13 Pa. Superior Ct. 244.

That the failure to furnish heat and light to the tenant,

Vol. xxxvi—18

especially after repeated notices, in the winter season, in a cold climate, was, under the lease in the present case, a substantial eviction, is established by many authorities in New York, Iowa, Michigan, Minnesota and see our own case of Jackson v. Farrell, 6 Pa. Superior Ct. 31.

There is some contention in the arguments about the paragraph in the lease and the one in the petition about the removal of garbage.

But the defendant clearly avers in his petition that the parol agreement about the removal of garbage was one of the moving considerations for the execution of the lease, without which it would not have been executed.

We think the recent cases of Gandy v. Weckerly, 34 Pa. Superior Ct. 79, and Gandy v. Pinkerton, 34 Pa. Superior Ct. 87, and the reversal of those cases by our Supreme Court, 220 Pa., page 285, disposes of that question.

We are all of the opinion that the learned court erred in refusing relief to the defendant.

The order is reversed at the cost of appellee and the court below is directed to open the judgment generally and frame an issue placing the burden of showing that plaintiff is entitled to recover rent on him, and permitting the defendant to reply thereto by showing such facts as may relieve him from the payment of rent after removal from the premises. And to that end the record is remitted to the court below.