Opinion by
Orlady, J.,
The appellant fairly presents the question involved by the inquiry whether the alleged acts of the landlord amounted to such an eviction as justified the tenant in removing from the premises, and rendered the landlord hable for loss of profits for the remainder of the term, and *131 whether the acts of the lessee constituted an abandonment and surrender of the lease.
While the earlier cases held that physical dispossession or actual disturbance in the possession of the tenant was necessary to constitute a breach of the covenant for quiet enjoyment, the great weight of authority now is that a constructive eviction is sufficient to destroy the relation of landlord and tenant. If the tenant is entitled to the beneficial enjoyment of the preñases under the terms of his lease, and if he is deprived of this by the act of the landlord it amounts to an eviction, and will suspend the rent. The term “ eviction ” is no longer restricted in its application to its original meaning of eviction by title paramount, or to a total deprivation of the premises by the landlord; any act of the landlord which deprives his tenant of that beneficial enjoyment of the premises to which he is entitled under the lease, will amount in law to an eviction: McSorley v. Allen, 36 Pa. Superior Ct. 271; Schienle v. Eckels, 227 Pa. 305; Jackson and Gross, 220.
Whether there was an eviction in point of fact was for the jury, and this question was fully and fairly presented in the charge of the court.
The evidence adduced by the plaintiff warranted the jury in finding that this landlord persisted in a course of conduct toward his tenant, and the property, that not only deprived him of the beneficial enjoyment of the premises, but made his further stay on it a continuing physical danger. He was charged with dishonesty without cause, assaulted and beaten in the presence of his family, ordered from the premises, forbidden to return and threatened with imprisonment. An outbuilding in which the tenant kept his meat, flour, and sugar was forcibly taken possession of and placed under lock and key by the landlord who retained it for a number of days.
The testimony affecting these facts was contradictory, but it was fairly submitted to the jury in the general charge and the answer to the plaintiff’s fifth point.
While this controversy was at its height the tenant *132 gave a notice in writing on March 15, viz.: "That whereas you have been interfering with my peaceful occupancy of the premises which I hold under lease from you by agreement, and you have this day ordered me to leave said premises, you will take notice that I will leave and surrender said premises in compliance with your demand, on April 1, 1909.” It is urged that this was a voluntary surrender and abandonment of the premises and lease and all rights thereunder, and extinguished any claim of the tenant. The intention of the parties and their conduct in relation to it, under the facts and circumstances surrounding them at the time, was for the jury. Manifestly it was ■in the interest of the landlord to know that on a day certain in the near future he could have peaceable possession of the property, so as to arrange for a new and more desirable tenant. There is nothing in the notice to indicate that the tenant was waiving any right founded on the facts as he claimed them to be. It was a superfluous act, and did not mislead the landlord or weaken or strengthen the case of the tenant.
If the tenant was evicted by the landlord or by acts equivalent to an eviction was deprived of his pecuniary interest under the lease, he was entitled to recover as damages the loss suffered by him — to be put in the same position pecuniarily as he would have been if the contract, had been kept — when the damages are the natural result of such breach of the contract and can be ascertained-with reasonable certainty: Hoy v. Gronoble, 34 Pa. 9; Garsed v. Turner, 71 Pa. 56; Clyde Coal Co. v. Railroad Co., 226 Pa. 391.
Under the finding by the jury the action was not prematurely brought, as the tenant’s right of action was complete and accrued at Once whether the eviction was actual or constructive.
The judgment is affirmed.