## Kelly v. Miller, Appellant.

*Landlord and tenant—Actions for rent—Partial eviction—Affidavit of defense—Set-off—Unliquidated damages.*

1. While there is no implied warranty that leased premises are fit for the purpose for which they were rented, there is an implied covenant by the landlord that they shall be quietly enjoyed by the tenant; any wrongful act of the landlord which interferes with the tenant's possession in whole or in part, is an eviction, for which the landlord is liable in damages.

2. In an action by the lessors of a theatre to recover rent stipulated in the lease, an affidavit of defense alleging that the lessee occupied an adjoining property, containing dressing rooms and other facilities necessary for the proper operation of the theatre, and that the lessors had closed up the means of access from the theatre to the adjoining property whereby the rental value of the theatre was reduced, and claiming to set off the reduction in the rental value of the theatre caused by the acts complained of, was sufficient to prevent judgment for the amount of the set-off.

3. In such case the court made no error in refusing to allow an item by way of counterclaim for certain alleged trespasses com-

mitted by the lessors upon the adjacent premises. Unliquidated damages arising ex delicto cannot be set off in an action of as‑ sumpsit.

Argued March 22, 1915. Appeal, No. 477, Jan. T., 1914, by defendant, from judgment of C. P. No. 3, Phila‑ delphia Co., June T., 1914, No. 2919, for plaintiff for want of a sufficient affidavit of defense, in case of Fannie R. Kelly, et al., v. William W. Miller. Before BROWN, C. J., MESTREZAT, ELKIN and STEWART, JJ. Modified and affirmed.

Assumpsit for rent.

Rule for judgment for want of a sufficient affidavit of defense. Before McMICHAEL, P. J.

The opinion of the Supreme Court states the facts.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense. Defendant ap‑ pealed.

*Error assigned* was the judgment of the court.

*R. W. Archbald, Jr.,* of *Ehrlich & Archbald,* for ap‑ pellants.

*Walter Biddle Saul,* with him *Robert W. Skinner, Jr.,* and *Jacob Snare,* for appellees.

OPINION BY MR. JUSTICE MESTREZAT, May 3, 1915:

This is an action of assumpsit by a landlord against his tenant to recover rent due on the demised premises, known as Forepaugh's Theatre and situate in the City of Philadelphia. A rule was taken for judgment for want of a sufficient affidavit of defense, and judgment having been entered for part of the plaintiffs' claim the defend‑ ant has taken this appeal,

We think the learned court erred in not sustaining the set-off of $2,250 claimed in section 2 of paragraph 8 of

the affidavit of defense. The premises leased were Fore-paugh's Theatre in the City of Philadelphia "together with the fixtures and appurtenances appertaining there-to," and were demised for use as a theatre. The lessee owned or occupied the adjoining property to the south known as Nos. 251 and 253 North Eighth street, and on these premises were the room for storage of properties, the dressing rooms for actors, the office of the manager of the theatre, the room for the making and storage of scenery, the women's toilet room, part of one of the entrances and exits for the balcony and gallery, and a booth for the sale of candy. These facts are averred in the affidavit of defense which also avers that access to these rooms was had through an opening in the south wall of the demised premises in the rear and another opening in the same wall on the second floor in the front, that there was also an emergency exit through this wall in the front part of the ground floor to the premises, No. 253, and thence to the street, that the only means of access to the second floor of Nos. 251 and 253 was through the opening on the second floor, that these openings in the wall of the demised premises were useful and necessary to its operation as a theatre, and that without the consent of the lessee the plaintiffs closed up all the openings and they were continued closed until the end of the term of the lease. It is averred that the fair and reasonable rental value of the demised premises was reduced by reason of this act or conduct of the plaintiffs $2,250.

The learned court below held that the closing of these openings, as averred in the affidavit of defense, did not amount to an entire or partial eviction from the demised premises because there was no covenant that they should remain open.

It is true that there is no implied warranty that the premises are fit for the purposes for which they are rented, but there is an implied covenant for the quiet enjoyment of the demised premises, and it is settled in this

State that any wrongful act of the landlord which results in an interference of the tenant's possession, in whole or in part, is an eviction for which the landlord is liable in damages to the tenant. These openings were in the walls at the time the premises were leased to the defendant to be used as a theatre. It is distinctly averred in the affidavit of defense that openings connected the premises with the adjoining premises which were intended to be and were used with the demised premises as a theatre. It is apparent, therefore, that an injury resulted to the tenant by the closing of the openings. They were part of the demised premises at the date of the lease, and any change in them to the detriment of the tenant was a violation of the tenant's implied covenant for the quiet enjoyment of the property. They were as much a part of the theatre, and as useful and necessary to its operation, as the seats and stairway for the deprivation of which the learned court allowed the tenant damages. Had the landlord closed the doors used for entering the theatre or the openings used as a means of exit from the building it could hardly be contended that damages would not result to the tenant for which the landlord would be responsible. The averments of the affidavit as to the necessity for these openings in the use of the demised premises as a theatre must be taken as true and it follows that the landlord is responsible for the damages resulting from closing them.

The learned counsel for the appellee cites, as sustaining the court below, the case of Hazlett v. Powell, 30 Pa. 293. He fails to distinguish the difference in the facts of the two cases. In that case the windows of the demised building opened on the ground of an adjoining owner who erected a party wall by which the windows were closed. Here, the openings were closed by the act of the landlord and not by the owner of the adjoining property. The appellee further contends that he is not liable for damages by reason of the closing of the openings because they were in a party wall and were illegal and were

closed by order of the building inspector and the fire marshall. He concedes, however, that there is nothing in the record to show these facts, and it is quite clear that they cannot avail him in this proceeding. This is a rule for judgment for want of a sufficient affidavit of defense and we must dispose of the case on the facts as they appear on the record. When the case is tried it will be the duty of the court to determine the rights of the parties on the facts as they shall be made to appear in the evidence. We are not now concerned with any facts dehors the present record. The second assignment of error must be sustained.

We cannot say from an inspection of the affidavit of defense that the court erred in disallowing the item of $300 which, it was held, is included in the larger item allowed as damages for the time the landlord occupied the premises for the purpose of making certain changes. The learned court was clearly right in holding that the defendant could not set off the unliquidated damages arising from the alleged trespass committed by the lessors on the adjacent premises. This is an action of assumpsit for rent due on the demised premises, and damages occasioned by the alleged illegal acts committed by the landlord on the adjoining premises are recoverable in an action ex delicto by the tenant against the landlord and cannot be set off in this action to recover the rent. Unliquidated damages arising ex delicto cannot be set off in an action of assumpsit.

The court below is directed to modify its judgment in accordance with the views expressed in this opinion, and as thus modified the judgment is affirmed.