## Fehl *v.* Pfaeffle, Appellant.

*Landlord and tenant—Eviction—Damages—Measure—Evidence —Proof of profits in previous months—Admissibility.*

When a tenant is evicted unlawfully, he is entitled to recover the damages which he suffered by reason of not having the opportunity to make the profits which he could have made, had he been allowed to remain on the premises.

In an action to recover damages for an alleged illegal eviction, it was error for the trial court to refuse to admit in evidence proof of the tenant's profits during the 4½ months immediately preceding the eviction. There is authority for using the profits of the same months of the preceding year, as a basis of comparison in ascertaining the profits of the succeeding year, but it is not the only basis, and in absence of such figures it was error to exclude evidence of the business done in the months prior to the eviction.

Argued November 14, 1922.    Appeal, No. 141, Oct. T., 1922, by defendant, from judgment of C. P. Lancaster Co., Aug. T., 1918, No. 143, on verdict for defendant in the case of J. W. Fehl v. Louis Pfaeffle.    Before PORTER, HENDERSON, TREXLER, LINN and GAWTHROP, JJ.    Reversed.

Appeal by defendant from judgment of an alderman awarding possession of premises to the landlord.    Before HASSLER, J.

The facts are stated in the opinion of the Superior Court.

The jury returned a verdict assessing the defendant's damages at $77 upon which judgment was subsequently entered.    Defendant appealed.

*Error assigned* was the rejection of certain evidence offered on behalf of the defendant.

*Bernard J. Myers* and *Joseph B. Wissler,* for appellant.—When a tenant is unlawfully evicted by a landlord, he should be permitted to show what his damage was and the value of the place to him at the time: Koenig v. Bauer, 57 Pa. 168.

Damages may be recovered for loss of profits caused by a breach of contract and they are never excluded simply because they are profits: Bodman v. Fisher & Co., 268 Pa. 535; Hillsdale Coal & Coke Co. v. Penna. R. R. Co., 229 Pa. 61; Pearce v. Bond, 71 Pa. Superior Ct. 501;

Cope v. Bangor & Portland Traction Co., 39 Pa. Superior
Ct. 134; Hendler v. Quigley, 38 Pa. Superior Ct. 39.


*John A. Nauman*, and with him *B. F. Davis*, for appel-
lee.—Loss of profits may be compensated in damages
only where they are capable of definite determination
arising immediately out of the contract and were in im-
mediate contemplation of both parties when the contract
was made: Cornelius v. Lytle, 246 Pa. 205; Wilson v.
Wernwag, 217 Pa. 86; Williams v. Phila., 208 Pa. 282.


OPINION BY TREXLER, J., March 2, 1923:

Louis Pfaeffle was a tenant in possession of certain
hotel property at Rossmere, Manheim Township, Lan-
caster County. J. W. Fehl, the plaintiff, was his land-
lord. On July 6, 1918, the plaintiff obtained judgment
of eviction against the defendant before an alderman
and on August 16, 1918, the defendant was ousted.
From this judgment the defendant appealed to the court
of common pleas and the jury rendered a verdict in his
favor for $77. He has appealed from this, his complaint
being that the court erred in not admitting certain testi-
mony offered to show what his profits were from the
date he was ejected, August 16, 1918, to the time when
his right of possession ceased, April 1, 1919. There is no
doubt when a tenant is evicted unlawfully that he is
entitled to recover the damages which he suffered by
reason of not having had the opportunity to make the
profits which he could have made, had he been allowed
to remain on the premises. In other words he should be
put in the same position primarily as if the contract of
lease had been kept. The question before us is whether
the proof offered by the defendant was properly excluded
by the learned trial judge. In the case of Wilson v.
Wernwag, 217 Pa. 82, in an exhaustive opinion Judge
MESTREZAT reviewed the former cases, and in summing
up, states that "the law does not require absolute cer-
tainty as to the data upon which profits are to be esti-

mated, but certainty to a reasonable degree or extent so that the damages may rest upon a definite basis and not wholly in speculation and conjecture." It is here where the parties to this appeal join issue. The appellee contends there is no proof of loss of profits sufficient to allow anything to the defendant in this regard and in this the court sustained him. The appellant argues to the contrary. Had the jury sufficient criterion by which to "assess the damages the tenant sustained by reason of his removal from the premises" (Act of December 14, 1863, section 1, P. L. 1864, 1125) in so far as profits were involved. In order to fortify any conclusion at which we may arrive, we must of course refer to the testimony. The tenant testified that his profits for the month of April, 1918, were $118.27 or an average of about $4 per day. There seems to be some doubt as to this, for his record, he says, began on April 15th and if that be so, his profits would have been about $8 per day. Up to May 18th they were $185.05 or an average of about $10 per day, from May 18th to June 8th, $559.50 or about $28 per day, from June 8th to June 29th, $632.80 or about $30 per day, from June 29th to July 20th $341.48 or about $16 per day, up to August 6th $620.89 or about $39 per day, from August 6th to August 16th a period of 10 days $422 or about $42 per day. Thus we have the course of the business for about four and one-half months. The eviction, as stated before, occurred on August 16, 1918. The defendant made the following offer: "I offer to prove by this witness on the stand his profits in the hotel business from April 15, 1918, to August 16, 1918, to be followed by proof from his experience in the hotel business, and from his experience at Hotel Rossmere, Manheim Township, the undisputed profits for the balance of the year up until November, 1918, were on the same basis as those already proved for the months preceding August 16, 1918. And to be followed by proof that from that time until April, 1919, the business of the hotel would probably fall off. That testimony being based upon his previous ex-

perience in the hotel business, and his previous experience at this particular location." The court excluded this offer and stated: "The only way you can prove the loss of these profits would be to show what the profits were for the same period during the preceding years. The burden would probably be on you to show, in addition, that the circumstances were the same during the preceding years as was the years he lost it and did not have possession." Admittedly the defendant had no record of his previous years. He did have, as stated above, a record for four and one-half months of the same year. We do not think that the court should have confined the period on which comparison should be made to the months of the preceding year. There is authority for using the months of the preceding year as a basis of comparison in ascertaining the profits of the succeeding year, but it is not the only basis. There is no reason why, if having an accurate account of the profits of four and one-half months, the jury cannot find to a reasonable certainty what the profits would likely have been in the succeeding months. As stated in the defendant's offer, the defendant was prepared to prove that he had lived in the place for some years and that he had large experience in the hotel business and could testify, as the offer states, that the undisputed profits for the balance of the year up until November, 1918, were on the same basis as those already proved for the months preceding August 16th. The evident purpose of this proposition was to show the usual course of business, probably that it started to increase in April and grew to its peak in August and then declined in the same proportion as it had advanced until November. This would have been competent in connection with the proof already in as to the profits in preceding months. The proffered testimony, if produced, would furnish to the jury sufficient evidence to approximate to a reasonable degree the losses sustained by the defendant, at least up to November. There is an uncertainty in all such calculations, but the law deems it unjust for the

wrongdoer to require of the one wronged an exact and minute account of his losses. All that is required is that the proof should come within reasonable approximation of what the loss was.

The second and third assignments of error are sustained. The judgment is reversed with a venire.

KELLER, J., did not sit and took no part in this decision.