## McCandless *v*. Findley, Appellant.

*Landlord and tenant—Leasehold—Eviction.*

A landlord who sublets an apartment, and, before the tenant takes possession, removes window blinds, electrical fixtures and plumbing attachments, is responsible to the tenant for the reduction in the rental value, caused by such removal.

Any wrongful act of a landlord which results in interference with the tenant's possession in whole or in part, is an eviction for which the landlord is liable in damages.

Physical expulsion is not necessary to constitute an eviction. Any act of a landlord, which deprives his tenant of that beneficial enjoyment of the premises to which he is entitled under a lease, will amount in law to an eviction and suspend the rent.

There is an implied warranty that the condition of the premises remain substantially the same between the time of the execution of the lease and the beginning of the term. If any material change has taken place during this period the tenant is not bound to take possession.                                   •

Argued April 23, 1925. Appeal No. 217, April T., 1925, by defendant from judgment of C. P. Butler County, September T., 1924, No. 92, in the case of Dwight L. McCandless v. William C. Findley. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.                            •

Assumpsit on written lease. Before HENNINGER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $36.34 and judgment thereon. Defendant appealed.

Assignments of error were as follows:

## I

The Court erred in its refusal of defendant's second point which point and answer is as follows:

"The term of plaintiff's lease with Rockenstein did not expire until July 1st, 1924, and defendant having taken over the last two months of said term without any reservations by plaintiff of conditions as to water service, electric light, window blinds, etc., entitled him to have same service in said premises as was therein at date of his agreement with plaintiff without extra inconvenience, expense or damage suffered by the removal thereof at the start of his term.

Answer: Refused."

## II

The Court erred in its answer to defendant's third point, which point and answer is as follows:

"If plaintiff failed to turn over and make perfect

the demised premises to defendant in the same condition they were at date of lease of March 26, 1924, for months of May and June of said year, he by such action evicted defendant prior to and at the beginning of his term of lease as shown in their agreement of writing in this case.

Answer: Refused."

### III.

The Court erred in its answer to defendant's fifth point, which point and answer is as follows:

"Where the original tenant sublets a part of his term to another and at said time necessary living water pipes and electric fixtures were in operation in the demised premises and no reservation thereof made by said tenant they are included for the necessary accommodation of the sub-tenant during his term.

Answer: Refused."

### IV.

The Court erred in that part of its charge to the jury in which he stated to the jury:

"There is no contention made by Mr. Findley that Mr. McCandless agreed to leave the water fixtures, electric fixtures and blinds."

*W. C. Findley*, for appellant.

No appearances and no printed brief for appellee.

OPINION BY GAWTHROP, J., July 9, 1925:

This is an action of assumpsit by a landlord against his tenant to recover rent due on the demised premises. There was a verdict and judgment for plaintiff and defendant has appealed.

Plaintiff was the lessee of the second floor of a store building in the City of Butler, Pa. As such tenant he partitioned it into offices and rooms and installed cer-

tain water and electric fixtures. He occupied the two front rooms as offices and sublet the other portion for housekeeping apartments. His lease expired June 30, 1924. On March 26, 1924, he entered into a written agreement with defendant to sublet the premises to him for the months of May and June, 1924, at a rental of $35 a month. The rent for May was paid at the date of the execution of the lease. Defendant is an attorney-at-law. He moved his office equipment into plaintiff's front office early in April and was occupying it with plaintiff when the latter moved out on the first of May. When plaintiff moved he took out the kitchen sink in the housekeeping apartments, the lavatory in the front office, and all of the electric light bulbs, and removed the window blinds. The tenant in the housekeeping apartments moved at the same time. Defendant refused to pay the rent for the month of June and this suit was brought to recover it.

The learned court below held that the agreement of lease between plaintiff and defendant merely turned over to defendant two months of plaintiff's term under his lease, and that the lease under which this suit was brought did not require plaintiff to leave for defendant's use the water fixtures, electric light fixtures or window blinds for defendant, and that defendant presented no valid defense to plaintiff's claim. We find ourselves unable to agree with this view of the law. Plaintiff exhibited the premises to defendant for inspection before the lease was executed. While it is true that there is no implied warranty in the letting of premises that they are fit for the purpose for which they are let, there is an implied covenant for the quiet enjoyment of the demised premises. "It is settled in this State that any wrongful act of the landlord which results in an interference with the tenant's possession, in whole or in part, is an eviction for which the landlord is liable in damages to the tenant": Kelly v. Miller, 249 Pa. 314, 316. Physical expulsion is not

necessary to constitute an eviction. Any act of a land-lord which deprives his tenant of that beneficial enjoyment of the premises to which he is entitled under a lease will amount in law to an eviction and suspend the rent: McSorley v. Allen, 36 Pa. Superior Ct. 271, 273. There is an implied warranty that the condition of the premises remain substantially the same between the time of the execution of the lease and the beginning of the term. If this is not the case the landlord is not in a position to tender for occupation that which is described in the lease. If any material change has taken place during this period, the tenant is not bound to take possession: Schomaker v. Heinz, 77 Pa. Superior Ct. 30, 35. The contract in the present case was more than a mere letting of so much empty space. The lavatory, the kitchen sink and the blinds were part of the demised premises at the date of the lease and the change resulting from their removal was a violation of the tenant's implied covenant for quiet enjoyment of the premises and of the implied warranty that the condition of the premises should remain substantially the same as when defendant leased them. Defendant having remained in possession for the term, was entitled to set-off the reduction in the rental value of the premises caused by the removal of the parts thereof which were useful and necessary to the lessee: Kelly v. Miller, supra. The affidavit of defense avers that the damages resulting from the eviction are a sum in excess of plaintiff's claim. Defendant presented three points which in substance asked the trial judge to charge the jury in accordance with the law above stated. The refusal of the points is made the basis of the first, second and third assignments of error. We are constrained to sustain these assignments.

The judgment is reversed and a new trial is awarded.