## Western Union Telegraph Co. v. Henry Rothstein & Son.

*Telegraph companies—Suit for services—Set-off—Negligence in transmitting telegram.*

In a suit by a telegraph company for telegraph services, the defendant cannot set off a claim in tort for damages resulting from the negligent transmission of a telegram.

Rule for judgment for want of a sufficient affidavit of defence and rule to strike off counter-claim. C. P. No. 5, Phila. Co., March T., 1926, No. 7596.

*Gill, Guckes & Shrader*, for rules; *F. H. Chambers*, contra.

MARTIN, P. J., Sept. 21, 1926.—Plaintiff instituted this suit to recover compensation for the transmission of telegrams ordered by defendants.

A statement of claim was filed with a schedule attached, indicating in detail the services rendered by plaintiff.

The affidavit of defence admits the correctness of the amount claimed by plaintiff, but defendants filed a counter-claim demanding damages for the negligence of plaintiff in the transmission of certain messages not included in plaintiff's claim, which are set forth in detail.

Rules were granted to show cause why judgment should not be entered for want of a sufficient affidavit of defence and to strike off the counter-claim.

Defendants could have waived the tort and based their counter-claim upon a breach of contract, but the pleading clearly indicates that they claim to recover damages for a tort—"the carelessness and negligence of plaintiff," and that their claim arises *ex delicto* and cannot be set off in this action of *assumpsit*: Kelly *v.* Miller, 249 Pa. 314.

And now, to wit, Sept. 21, 1926, the rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence, and the rule to strike off the counter-claim, are made absolute; and it is ordered that judgment be entered in favor of plaintiff and against defendants in the sum of $680.29, with interest from Jan. 15, 1926, without prejudice to the right of defendants to institute proceedings to recover any damages they may have suffered by the negligence of plaintiff.