BARCLAY WOOLEN CORPORATION
v.
W. E. HULTON DYEING CO.
and
John J. Rys, individually and trading as J. J. Rys Roofing Company.
Civ. A. No. 32221.

United States District Court
E. D. Pennsylvania.
Aug. 7, 1963.

Harrison G. Kildare, of Rawle & Henderson, Philadelphia, Pa., for plaintiff.

Richard W. Hopkins, of White & Williams, Philadelphia, Pa., for defendant.

BODY, District Judge.

Plaintiff is defendant's lessee under a written lease dated December 15, 1961. Plaintiff, in addition to the lessor, W. E. Hulton Dyeing Co., has sued lessor's contractor, John J. Rys, individually and trading as J. J. Rys Roofing Company (Rys), for damage to goods allegedly resulting from faulty roof repairs. Defendant-lessor has moved for summary judgment based on exculpatory clauses in the lease. Plaintiff-lessee has secured a default against Rys for failure to answer. Defendant-lessor asserts a cross-claim against Rys.

On March 6 and 7, 1962 a rainstorm damaged part of the roof of the lessor's building. The premises occupied under the lease by the lessee consisted of the entire top floor of the building. On March 7, 1962 Rys installed a temporary roof to prevent rain from entering the building. On the same day Rys commenced installation of a permanent roof pursuant to a contract with the lessor. On March 11 and 12, 1962 a second storm caused damage to the temporary roof allowing rainwater to enter the building. As a consequence of this lessee alleges $28,000.00 worth of damage to his goods which were stored in the leased premises

Lessee was informed that the work on the permanent roof was completed on March 14, 1962. The actual work on the roof consumed a period of three or four days and, according to the lessee, would have been completed before the second storm if it had been done with reasonable speed.

Lessee was aware of the original damage to the roof and the subsequent repairs, and relied on the fact that Rys had been engaged to repair and therefore did not remove its goods from the premises.

The lease provides in Clause 11:

" Lessee agrees (*to be responsible for and*) to relieve and hereby relieves the Lessor from all liability by reason of any injury or damage to any (*person or*) property in the demised premises, whether belonging to the Lessee or any other person, caused by any fire, breakage or leakage in any part or portion of the demised premises, or any part or portion of the building of which the demised premises is a part, or from water, rain or snow that may leak into, issue or flow from any part of the said premises, or of the building of which the demised premises is a part, from the drains, pipes, or plumbing work of the same, or from any place or quarter, whether such breakage, leakage, injury or damage be caused by or result from the negligence of Lessor or its servants or agents (*or any person or persons whatsoever.*)"

The portions emphasized were stricken from the lease by agreement of the parties. Clause 12 of the lease contains similar deletions. Lessor was under no duty to repair the demised premises. (Paragraph 12–D of the lease)

The rule in Pennsylvania in circumstances similar to this case is that an exculpatory clause in a lease, absent any special facts, is a valid provision and does not contravene public policy since it involves a private business matter. Cannon v. Bresch, 307 Pa. 31, 35, 160 A. 595 (1932); Bryans v. Gallagher, 407 Pa. 142, 178 A.2d 766 (1962). The waiver by a lessee of his lessor's liability for damage due to negligence must be plainly expressed and the lease itself, absent any ambiguity, is the true guide to the intent of the parties. If there is any doubt as to the meaning of the words of the lease, the doubt will be resolved in favor of the lessee. Bogutz v. Margolin, 392 Pa. 151, 154, 139 A.2d 649 (1958).

An examination of the pertinent portions of the lease in this case clearly shows that the parties intended the lessor to be relieved of any liability resulting from his own negligence or from the negligence of his servants or agents. Just as clear is the intent to preserve any cause of action which might arise in favor of the lessee against third persons. The latter is obvious from the fact the words "or any person or persons whatsoever" in Clause 11 of the lease were stricken as were similar words in other portions of the lease. Therefore, there is no question that as a matter of law the lease is effective to remove any liability on the part of the lessor based on his negligence, but it is ineffective to affect a cause of action against a third person, specifically against Rys.

Lessee asserts a cause of action, the thrust of which arises from the fact that the lessor undertook to repair the premises lulling the lessee into a false feeling of security. Thus, the lessee claims he was justified in leaving his goods in the premises where they were subject to the water damage. Lessee would have this Court rule that even though lessor is not liable for his own negligence, he is liable for the negligence of Rys.

Plaintiff is correct in his statement of the Pennsylvania Rule which requires a lessor to use due care when undertaking repairs gratuitously. Adler v. Sklaroff, 154 Pa.Super. 444, 36 A.2d 231 (1943). Also correct is lessee's assertion that Pennsylvania law prohibits insulation through a delegation of the duty to an independent contractor. Adler v. Sklaroff, supra. That is, if a lessor orders repairs by an independent contractor who is negligent in making the repairs causing harm to a lessee, then the case is treated the same as though the lessor himself were negligent even though he is not. Restatement of Torts, Vol. 2, Negligence, Sec. 422.

However one views the niceties of interpretation of the words of the lease and the established theories of liability of a.

lessor who undertakes to repair leased premises, it is clear as crystal that the parties intended the lessor to be insulated from liability for the specific type of damage which occurred if that damage were due solely to the negligence of the lessor, his servants or agents. It would be grossly unfair to interpret the lease to relieve the lessor from liability for his own negligence and at the same time impose upon him liability based upon the negligence of a third person. The lessee has intact the right which he sought to preserve by striking the aforementioned provisions from the lease, i. e., a claim against negligent third persons.

The test on a motion for summary judgment under Rule 56, Federal Rules of Civil Procedure, is whether there is a genuine issue as to any material fact. We find no such issue here and accordingly defendant-lessor's motion for summary judgment will be granted.