## Chavis v. Lau

*Sheldon Tabb,* for plaintiff.
*Michael S. Ramage,* for defendant.

GOLDMAN, *J.,* March 12, 1993—A bench trial in this matter was held on July 27, 1992 before the Honorable Gordon W. Gerber, judge pro tem of the Philadelphia County Court of Common Pleas. Plaintiff, Daniel Chavis, testified that on August 7, 1990, he was walking down Brown Street on his way to work as a meter reader for the Philadelphia Electric Company. As he stepped down on the pavement outside 801 June Street, the pavement gave way and he fell backwards to the ground, injuring his knee. Number 801 June Street was owned by defendant, Yung King Lau, as trustee for his son, Bik Kwai Lau. Defendant did not live at this address but rented the property to a tenant who operated a restaurant there. No evidence of a lease or any lease provisions between the tenant and defendant were introduced. Defendant testified that in May or June 1990, it came to his attention that the pavement outside the property was in need of repair but the tenant could not afford to repair it. Defendant hired a "Spanish guy," who was a friend of his, to repair "the wood, sidewalk, curb" and entire area outside the building for $1500. (N.T. 7/27/92, p. 68) Plaintiff's accident occurred several months later.

The court rendered a verdict in favor of the plaintiff and against the defendant for $28,706, less 50 percent for plaintiff's comparative negligence, for a net verdict

of $14,353. Defendant filed a post-trial motion requesting judgment notwithstanding the verdict, arguing that (1) plaintiff did not properly identify the place where he fell as being on defendant's property and (2) defendant cannot be held liable for plaintiff's injury since he is a landlord out-of-possession who voluntarily hired an independent contractor to repair the sidewalk.

Post-trial oral argument in this matter was held on February 1, 1993 before Judge Murray C. Goldman and Gordon W. Gerber, judge pro tem of the Philadelphia County Court of Common Pleas. Following oral argument the motion was denied.

## IDENTIFICATION OF SITE OF PLAINTIFF'S INJURY

At trial, plaintiff introduced a deed from the defendant and his wife to the defendant as trustee for his son, dated March 12, 1986, for the premises at 801 June Street, Philadelphia on the North side of Brown Street and "on the east side of June Street ... containing in front or breadth on the said June Street 16 feet and extending of that width in length or depth eastward on a line at right angles to said June Street and along the north side of Brown Street 40 feet...." (N.T. 7/27/92, p. 13.)

The plaintiff then testified that as he was walking towards the intersection of Brown and June Streets, "[t]he pavement had been like cemented over in some spots and one of the cement patch spots gave way" as he stepped on it. (N.T. 7/27/92 p. 20.) Plaintiff went on to clarify that this accident occurred:

"On June Street right at the corner, near June and Brown ... I was walking west on Brown Street ... On the North side of Brown Street." (N.T. 17, 18.)

346

"*Q:* Had you crossed June Street yet?...

"*A:* No, I didn't. I was in between 46th and June ... (N.T. 18.) I guess a good ten feet from the corner, maybe.

"*Q:* Was there a building on that particular corner where the accident happened?...

"*A:* Yes, some kind of restaurant..." (N.T. 20.)

The deed defines defendant's property as extending 16 feet north of June Street and 40 feet east on Brown Street, to include the northeast corner of June and Brown Street, which is the location identified by the plaintiff as the site of his fall. The deed and plaintiff's testimony establish that defendant owned the property on which plaintiff was injured and thus there is no basis for a judgment notwithstanding the verdict.

## LESSORS'S LIABILITY

### a. Gratuitous Repairs

A landlord out-of-possession who voluntarily and gratuitously undertakes to make repairs is liable to a third party if the repairs are negligently made. *Coradi v. Sterling Oil Co.,* 378 Pa. 68, 105 A.2d 98 (1954). The Restatement (Second) of Torts, §362, provides that:

"A lessor of land who, by purporting to make repairs on the land while it is in the possession of his lessee, or by the negligent manner in which he makes such repairs has, as the lessee neither knows nor should know, made the land more dangerous for use or given it a deceptive appearance of safety, is subject to liability for physical harm caused by the condition to the lessee or to others upon the land with the consent of the lessee or sublessee."

The court adopted the Restatement position in *Ford v. Philadelphia*, 148 Pa. Super. 195, 201, 24 A.2d 746, 749 (1942), stating that:

"If the owner voluntarily assumed to repair the defective condition, although it was the duty of the tenants to do so, it would be liable on the theory of negligence if it left the part in a defective condition, or did the work so negligently as to cause injury to a third person."

Defendant contends that since he is a landlord out-of-possession, he had no control over the subject premises and therefore cannot be liable for plaintiff's injuries. He further asserts that since he volunteered to repair the pavement, "he might be responsible for causative negligence except that no negligence at all can be ascribed to him" since the repairs were done by an independent contractor, over whom defendant had no control or supervisory power, rendering the doctrine of respondent superior inapplicable as a basis for imposing liability. (Defendant's brief at 5.)

However, Pennsylvania law requires a lessor to use due care when undertaking repairs gratuitously. *Barclay Woolen Corp. v. W.E. Hutton Dyeing Co.*, 220 F. Supp. 598, 600 (E.D. Pa. 1963), quoting *Adler v. Sklaroff*, 154 Pa. Super. 444, 36 A.2d 231 (1943).

As such, defendant, a landlord making gratuitous repairs, had a duty to use due care and act in a non-negligent manner. He can be held liable for the physical injury suffered by the plaintiff on the pavement that had been given a deceptive appearance of safety. *See Smith v. Kravitz*, 173 Pa. Super. 11, 14, 93 A.2d 889 (1953) ("The basis of liability here is ... that a deceptive appearance of safety was given to an unsafe condition.")

### b. Independent Contractor

A lessor is not permitted to insulate himself from liability by delegating his duty to act with due care to an independent contractor. *Barclay Woolen Corp.*, 220 F. Supp. at 600, quoting *Adler v. Sklaroff, supra.* It is well settled that:

"Where a landlord is not bound to make repairs that become necessary during the possession of tenant, if he assumes to do so, and neglects to perform his obligation, or, in performing it, if any injury is caused for want of skill in, or proper selection of, his workmen, he may be held liable therefor." *Ford v. City of Philadelphia, supra* at 201, 24 A.2d at 749.

Once again, the court adopts the position of the Restatement (Second) of Torts, §420, which provides that:

"A lessor of land who employes [sic] an independent contractor to make repairs which the lessor is under no duty to make, is subject to the same liability to the lessee, and to others upon the land with the consent of the lessee, for physical harm caused by the contractor's negligence in making or purporting to make the repairs as though the contractor's conduct were that of the lessor."

The official comment to Restatement section 420 explains that "[t]he rule stated in this section makes the lessor who entrusts the making of gratuitous repairs to an independent contractor subject to liability if the contractor conducts himself in a manner which, were he the lessor himself, would subject him to liability."

Defendant can be held liable for plaintiff's injuries since he, as a landlord, entrusted gratuitous repairs to an independent contractor and this "Spanish guy" acted negligently, i.e., in a manner which if done by the lessor would make the lessor liable. The independent con-

tractor cemented over the pavement outside 801 June Street but failed to use due care as the cement patch spots gave way, unable to support the weight of pedestrians, such as the plaintiff, just several months after the repairs were done.

## CONCLUSION

Through the testimony offered at trial and the deed to the property at 801 June Street, plaintiff has sufficiently identified the place where he fell as being on defendant's property. In addition, based on the Restatement and case law, defendant can be held liable to the plaintiff for injuries sustained as a result of gratuitous repairs negligently performed by an independent contractor. For these reasons, defendant's request for judgment notwithstanding the verdict was denied.