## JOHN SHERIDAN ET AL. v. ELI KRUPP.

APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS NO. 3 OF PHILADELPHIA COUNTY.

Argued April 2, 1891—Decided April 13, 1891.

The plaintiff, occupying as a tenant one of two adjoining dwellings having a set of steps in common at their front, alleged to be unsafe but with the condition of which she was familiar, fell upon the steps when coming from the door of her neighbor, a tenant of the same landlord. In an action for negligence against the landlord, it was not error to enter a peremptory nonsuit.

Before PAXSON, C. J., STERRETT, WILLIAMS, MCCOLLUM and MITCHELL, JJ.

No. 181 January Term 1891, Sup. Ct.; court below, No. 514 June Term 1890, C. P. No. 3.

On June 28, 1890, John Sheridan and Catharine Ann Sheridan, his wife, in right of said wife, brought trespass for negligence against Eli Krupp. Issue.

At the trial on November 25, 1890, it was shown, on the part of the plaintiffs, that on May 27, 1889, they became the tenants of a dwelling in the rear of No. 27 Otter street, owned by the defendant; that the dwelling adjoining was owned also by the defendant, and was occupied by other tenants; that there was a set of front steps common to the entrances to the two dwellings, and when the plaintiffs became tenants under the defendant these steps were safe for use and were protected by railings; that in the latter part of June, 1889, the defendant, without authority from the plaintiffs, removed the steps, and in their place put up others that were unsafe and dangerous and entirely unprotected by railings; that, on January 14, 1890, during the continuance of the plaintiffs' tenancy, Mrs. Sheridan stopped in the dwelling of her neighbor to inquire for her little girl, and on coming out of her neighbor's door reached the top step, which was icy, fell therefrom, and was injured; and that she had fallen upon the steps two or three times before the accident referred to.

At the close of the plaintiffs' testimony, on motion of the defendant the court entered a judgment of nonsuit, with leave, etc. A rule to show cause why the judgment should not be taken off having been argued, the rule was discharged; exception. Thereupon the plaintiffs took this appeal, assigning the refusal to take off the judgment of nonsuit, for error.

*Mr. Wm. C. Mayne* (with him *Mr. Thos. H. Neilson*), for the appellants.

Counsel cited: Schilling v. Abernethy, 112 Pa. 437; Carson v. Godley, 26 Pa. 117; City Iron Works v. Barber, 102 Pa. 162; Ardesco Oil Co. v. Gilson, 63 Pa. 151.

*Mr John C. Bell* (with him *Mr. A. Atwood Grace*), for the appellee.

Counsel cited: Moore v. Weber, 71 Pa. 429; Harlan v. Le-

high C. & N. Co., 35 Pa. 287; Lanigan v. Kille, 97 Pa. 128; Rowe v. Hunting, 135 Mass. 384; Godley v. Hagerty, 20 Pa. 397; 2 Shear. & Redf. on Neg., § 711.

PER CURIAM:

The plaintiff, Catharine Ann Sheridan, slipped and fell on the steps of the house adjoining the one in which she lived, whereby she was injured. This action was brought against her landlord, who was owner also of the adjoining premises, to recover damages for the injuries sustained. Her contention was that he had taken away steps which were safe, and replaced them by other steps which were dangerous. It was no concern of the plaintiff what change the landlord made in the steps of a house which was not in her occupancy. She knew what kind of steps they were. She saw them daily, and if she regarded them as dangerous her obvious course was to avoid them. She entered the house of her own motion, and not at the invitation of her landlord; and as the danger, if any, was patent, she must be assumed to have taken the risk. The court below properly entered the nonsuit.

Judgment affirmed.

