Opinion by
Henderson, J.,
The plaintiffs’ action was brought to recover damages for an injury caused by the giving way of a porch floor on which Mrs. Rehder was walking. The defendant was the owner of the premises and David H. Rehder was his tenant. The porch was at the rear of the building and extended from the house wall outwardly about eight and one-half feet. Its floor had become decayed and the defendant was notified of its condition. He sent a man who was not a mechanic to repair-it. The floor was composed of boards extending the full depth of the porch. The repairs were made by sawing off a portion of the boards composing the floor for a width of about three feet and inserting pieces of boards which the defendant provided in. place of those removed. About six months after the work was done, while Mrs. Rehder was walking across the porch to the steps leading down to the yard, the floor gave way under her and she was severely injured. The accident occurred as claimed by the plaintiffs because of the negligent and unskillful manner in which the repairs were made. There was evidence tending to show that the floor was not supported by the joist at the place where the cut was made; that a cleat or block was nailed on the side of the joist to support the ends of the boards and that this was an improper construction and insufficiently done, by reason whereof the floor was weakened *346 and made more insecure than before. It was also shown that the boards from the door to the steps should have been the full depth of the porch and that cutting and splicing them weakened the floor. The evidence was direct and positive that the work was not properly done and that the break in the.floor occurred because the boards had not sufficient bearing underneath. Mrs. Rehder testified that about a month after the work was done she had a conversation with the defendant in regard to it in which the latter said that she need not now have any fear of the porch; that everything was all right. An issue of fact was presented as to the defendant’s negligence in making the repairs which he undertook, thereby leaving the porch in a less safe condition than before the repairs were made, in consequence of which the plaintiff received the injury complained of. This question was submitted to the jury in a clear and impartial charge. There was some dispute as to the exact place at which the floor gave way, the defendant alleging that the injury occurred on a part of the floor which had not been taken up or repaired. On the plaintiffs’ theory, however, the defendant would not be excused by that fact alone. Whether the floor which was not relaid was weakened and made more dangerous because of the manner in which the repairing was done was a question of fact in regard to which there was evidence supporting the conclusion reached by the jury. The defect complained of was not one resulting from natural decay, but is alleged to have been brought about by the unskillful method adopted by the defendant’s servant. The jury was plainly instructed that if Mrs. Rehder fell through a portion of the porch which the defendant did not undertake to repair and as to which the man who made the repairs did nothing, the defendant would not be responsible, because he did not do anything to make the condition of the floor worse than it was before. There was the further instruction that they must be satisfied that the injury did not result from anything which occurred between the time when the repairs were made and the time when the plaintiff was hurt; that if the work was properly done at the time, anything which afterward occurred that weakened the structure, resulting from *347 the lapse of time, would not be chargeable against the defendant. The issue was thus narrowed down to an inquiry whether the defendant’s agent made the repairs on the porch in such a way as to create a risk which would not have existed if he had not done the work as he did, and this was the real issue of fact.
The appellee does not controvert the proposition that a landlord is not liable for repairs in the absence of a special agreement. The principle contended for is that where, at the request of a tenant, he does make repairs which he is under no obligation to do, he is responsible for such negligence in the performance of his undertaking as causes damage to the tenant. This has its foundation in the general rule that for an injury occasioned by want of due care and skill in doing what one has promised to do, an action may be maintained against him in favor of the party relying on such promise and injured by the breach of it, although there was no consideration for the promise. If a party make a gratuitous engagement and actually enters on the execution of the business and so negligently does it from want of due care that another suffers damage thereby, an action will lie for this misfeasance: 2 Kent’s Com. 570; Thorne v. Deas, 4 Johns. 84; Elsee v. Gatward, 5 Term Reps. 143. This responsibility extends to a landlord who makes repairs on the demised premises at or without the request of the tenant. It is entirely distinct, however, from any quéstion of liability for damages by reason of a failure to make repairs. Into the former the element of culpable negligence enters. The latter is a mere omission to act in a case where no duty exists. The law is thus stated in 1 Thompson on Negligence, sec. 1142: “ If he (the landlord) enters during the term for the purpose of making repairs and employs a contractor to do certain work on the demised premises, retaining the direction and control of the work, he will become liable to his tenants for damages caused by the negligence of such contractor.” To the same «effect is 2 Sherman & Redfield on Negligence, 1226. This liability was enforced in Gregor v. Cady, 82 Maine, 131, in which case the lessor was made liable for the result of repairs negligently and unskillfully per *348 formed, though gratuitously undertaken. The same principle was applied in Glickauf v. Maurer, 75 Ill. 289, where the goods of the tenant were damaged by the negligent manner in which repairs were made. The same rule was adopted in Benden v. Manning, 2 N. H. 289. In Indiana, workmen of the landlord, engaged in making repairs, fractured a board in the wood-house floor, over which the tenant had frequent occasion to pass, thereby rendering the place unsafe. A few days afterward the tenant stepped on the fractured board which broke under her weight, causing her to fall and break her leg. The landlord was held to be liable: Aldag v. Ott, 28 Ind. 542. The case of Gill v. Middleton, 105 Mass. 477, decides the same question in the same way. A portion of the demised premises was out of repair. The tenant requested the landlord to put it in repair. He said he would do so, and accordingly made repairs, employing a common laborer. The floor of the repaired premises gave way, injuring the wife of the tenant. Evidence was offered to show that the defendant did not possess the necessary skill to make the repairs; that they were unskillfully made and that the falling of the floor was the result óf the manner in which the work was done. The court held that a landlord whose neglect to use ordinary skill in making repairs on the demised premises causes a personal injury to the tenant, is liable therefor, although his undertaking to make the repairs was gratuitous and at the tenant’s solicitation. This case was referred to in Galvin v. Beals, 187 Mass. 250, and the doctrine of the case recognized. Robbins v. Atkins, 168 Mass. 45, was another case in which a landlord was held liable for the defective condition of a stairway rendered unsafe in the progress of repairs made by him on the premises. The same principle was enforced in O’Dwyer v. O’Brien, 13 N. Y. App. Div. 570, and Little v. McAdaras, 38 Mo. Appeal Reps. 187. Our attention has not been called to any case in this country which holds a contrary view. Galvin v. Beals, 187 Mass. 250, and Phelan v. Fitzpatrick, 188 Mass. 237, make the closest approach to the position of the appellant. It will be seen, however, that in neither of these cases was there evidence that the repairs made contributed *349 in any degree to the injuries complained of or that the railings were made less secure by what was done to them, and this is the very point on which the liability turns. The landlord is not bound to repair, but if he does repair he is under obligation not to increase the danger arising from a defective condition and it is, of course, incumbent on the party complaining to show that negligence in reparation was the. cause of the damage. The other cases cited by the learned counsel for the appellant we do not consider applicable to the case in hand. In Moore v. Weber, 71 Pa. 429, the injury done was by the owner of an adjoining lot who tore down the building thereon,- thereby destroying a wall of the demised premises. It was held that the landlord was not liable for the damage which the tenant sustained by reason of the exposure of. his goods to the weather. In Sheridan v. Krupp, 141 Pa. 564, the plaintiff was not injured on the demised premises but on the steps of the tenement immediately adjoining, which belonged to the same owner. The court quite logically held that the plaintiff’s wife had' no concern in the change the landlord had made in the steps of a house which was not in her occupancy. She saw them daily, and if she regarded them as dangerous she should have avoided them. None of the other cases involves the subject of negligence in making repairs. They all relate to the omission to repair or to the maintenance of dangerous conditions on the premises, and hold the established doctrine that when a tenant leases he takes the premises as he finds them, the landlord not being responsible for repairs or improvements unless specially obligated thereto by contract. Our attention has been called to a late English case, Malone v. Laskey, L. R. (1907), 2 K. B. Div. 141, which seems to sustain the appellant’s contention. We have not had an opportunity to examine the full text of the case, but if the published synopsis correctly states the conclusion of the court it is not in harmony with the adjudicated cases in this country and ought not to be considered- an authority of sufficient weight to establish the principle in support of which it is cited.
We have given careful attention to the clear and able argu *350 ment of the learned counsel for the appellant, but are of the opinion that the law is with the plaintiffs on the points in controversy.
The assignments are overruled and the judgment affirmed.