## Tarnogurski *v.* Rzepski, Appellant.

*Landlord and tenant—Repairs—Landlord's undertaking to repair —Negligent performance—Contributory negligence of tenant.*

1. Where a tenant is required under the terms of his lease to make all repairs and the landlord does not stand upon the agreement but at the request of the tenant, voluntarily undertakes to make necessary repairs to water pipes he will be liable in damages to the tenant for any injury resulting from his negligent performance of the work.

2. Where in an action by a tenant to recover from his landlord for the destruction of certain goods by water, it appeared that under the lease the tenant was obliged to make repairs, but that the landlord on being notified by the tenant that certain water pipes were defective, promised to repair the same, and that he subsequently turned on water before the repairs were made, causing the injury complained of, it was not error to refuse to submit to the jury the question of plaintiff's contributory negligence in failing to remove the goods before the repairs were made, as it was the duty of the landlord to see that the repairs were made in a proper manner before the premises were again supplied with water.

*Practice, Supreme Court—Appeals—Assignments of error—Defective assignments.*

3. Assignments of error complaining of the action of the court in its answers to points for charge embraced in the assignments, are defective where they fail to show any exception taken to the action of the court in the matter complained of.

508     TARNOGURSKI v. RZEPSKI, Appellant.

Argued Jan. 13, 1916. Appeal, No. 313, Jan. T., 1915, by defendant, from judgment of C. P. No. 1, Philadelphia Co., Dec. T., 1911, No. 3209, on verdict for plaintiff in case of John J. Tarnogurski v. Thomas Rzepski. Before BROWN, C. J., MESTREZAT, STEWART, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for injury to property. Before PATTERSON, J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $2,500.00 and judgment thereon. Defendant appealed.

*Errors assigned* were various instructions to the jury and in dismissing defendant's motion for judgment non obstante veredicto.

*Bertram D. Rearick,* with him *Thos. F. McNichol,* for appellant.—Where a tenant continues to use defective premises and exposes himself or his property to injury which might result by reason of the defect, he is guilty of contributory negligence: Lutz v. Haley, 10 Montg. County 18; Hahn v. Roach, 7 North. County 21.

Under the lease between the plaintiff and defendant, the defendant was not obligated to make any repairs: Levine v. McClenathan, 246 Pa. 374.

*Henry J. Scott,* for appellee.—A landlord who makes repairs which he is under no obligations to do is responsible for such negligence in the performance of his undertaking as causes damage or personal injuries to the tenant: Rehder v. Miller, 35 Pa. Superior Ct. 344.

OPINION BY MR. JUSTICE FRAZER, March 6, 1916:

Plaintiff sued to recover damages for pictures, photographs and photographic supplies, injured or destroyed by reason of the alleged negligent act of defendant in turning water into the pipes in premises occupied by

plaintiff before certain broken pipes were repaired. Plaintiff leased from defendant the second and third floors of premises No. 3175 Richmond street, Philadelphia, for residence purposes, and also as a photographic studio. The bathroom, located on the second floor, was utilized by plaintiff to wash photographs in the process of their development, and also as a storage room for a large quantity of photographs, paintings, plates and other supplies and materials included in the claim for damages.

On November 18, 1911, a water pipe in the bathroom was found to be in a defective condition and leaking, and, to prevent damage to his property from the discharge of water from the broken pipe, plaintiff shut off the supply from the entire premises at a main stopcock in the cellar of the building, at the same time notifying defendant of the condition of the pipes, and of his action in shutting off the water from the building. Defendant promised to send a plumber to make the necessary repairs "right away" or as soon as possible. The required repairs were not, however, immediately made, causing the house to remain without a supply of water until the 21st of November, when a new tenant went into possession of the first floor of the premises, and, having requested that he be supplied with water, defendant, after closing as he presumed the valve in the pipes leading to the second floor, turned on the water at the stopcock in the cellar which controlled the supply to the entire building. Defendant failed to carry out his intention to shut off the water from the second floor, and as a result of such oversight a portion of the premises occupied by plaintiff was flooded, causing the damage for which this action was brought. The trial judge submitted to the jury the question whether defendant acted in a prudent manner, under the circumstances, in turning on the water supply with knowledge of the fact that the pipes on the second floor were broken, or whether he was justified in assuming that proper repairs had been made.

The jury returned a verdict for plaintiff, and judgment was entered thereon, from which judgment this appeal was taken.

All but the last one of the eleven assignments of error are defective in that they fail to show exceptions taken to the action of the court in the answers to points embraced in these assignments. The eleventh assignment is to the dismissal of defendant's motion for judgment non obstante veredicto. As the case·was clearly one for the jury a discussion of this assignment is unnecessary, and the appeal might, therefore, be disposed of on the ground that the questions attempted to be raised in the other assignments are not properly before us.

We have, however, examined the case on its merits, and find no error requiring a reversal. While plaintiff, under the terms of his lease, agreed to make all repairs, defendant did not stand on this agreement but voluntarily, at the request of plaintiff, undertook to make the necessary repairs to the pipes, and, having done so, became liable for any damage due to his negligent performance of the work: Rehder v. Miller, 35 Pa. Superior Ct. 344. Defendant has no reason to complain of the manner in which this question was submitted to the jury. Had he chosen to stand on the terms of his lease and required plaintiff to make the repairs, the right of the latter to turn the water off from other parts of the premises not included in his lease, and allow it to so remain for an indefinite period, could not be maintained. His duty, under the circumstances, would be to see that repairs were promptly made, and with as little interference with the convenience of other tenants as the situation permitted. Had he deprived other parts of the premises of water, without notice and for an unreasonable time, the right of defendant, or of any other tenant, to restore the supply could not be questioned. In such case plaintiff would be bound to anticipate such action would follow his wrongful conduct, and any damage resulting from leaving his property in an exposed condition would be

the result of his own negligence. But instead of undertaking the repairs himself, plaintiff notified defendant of his action in shutting off the water supply from the entire building, and of the necessity of repairs to the pipes, and defendant at once, and without questioning his liability, assumed the responsibility of having the needed repairs promptly made, and the pipes put in a proper and safe condition. Having assumed this burden, the landlord was bound to carry out his undertaking, and see that the repairs were made in a proper manner before the premises were again supplied with water; consequently, the question of plaintiff's contributory negligence, in failing to remove such articles as might be damaged by turning water into the pipes before repairs were made, does not arise. The refusal of the trial judge to submit this question to the jury was not error.

Plaintiff also requested the court to charge that if the leak in the pipe was repaired before November 21st, the verdict must be for defendant. This was affirmed "subject to what I have already said to you about this case." This qualification plaintiff argues was improper. Upon reference to the charge we find the instructions, in effect, were that if defendant had knowledge that the pipes or connections were leaking, and the water turned off in the cellar from the entire premises, it was for the jury to decide whether he acted as a prudent man in turning on the supply at the time he did; and, further, that if the leak was repaired, as defendant contended, he was not chargeable with negligence in restoring water to the building. Under the circumstances, it cannot be said that the qualification of the point prejudiced defendant, or detracted from the effect of such affirmance.

On the whole we find no substantial or reversible error in the case as it was tried in the court below.

The judgment is affirmed.