# Feite *v.* Goll, Exrx., Appellant.

*Appeals—New trial—Granting new trial—Reasons—Evidence—Review of—Review by court below essential.*

1. The appellate court will not review an order granting a new trial, unless the lower court states it would have refused a new trial but for reasons distinctly set forth, which in its opinion control the whole case.

2. On an appeal from an order granting a new trial, the appellate court will not ordinarily review the whole body of the evidence, and particularly so where there is nothing on the record to show that the court below was asked to pursue this course when the motion for a new trial was heard.

3. The appellate court will review the evidence, on an order for a new trial, only as to its legal effect in some isolated and all-controlling particular wherein its verity is admitted.

Argued November 30, 1925.   Appeal, No. 343, Jan. T., 1925, by defendant, from order of C. P. No. 2, Phila. Co., Sept. T., 1923, No. 8814, granting new trial, in case of John R. Feite *v.* Vesta W. Goll, executrix of Estate of William H. Goll, deceased.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Motion for new trial.   Before MAXWELL, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Motion granted.   Defendant appealed.

*Error assigned* was order granting new trial, quoting record.

*Grover C. Ladner,* of *Ladner & Ladner,* for appellant.

*John P. Connelly* and *Bernard J. Myers*, for appellee, were not heard.

PER CURIAM, January 4, 1926:

The jury found for defendant; in granting a new trial, the court below said, inter alia: "The court in banc is not in any sense convinced that plaintiff is entitled to a verdict in this case, and if any future trial results in such a verdict it will, of course, be carefully scrutinized,..... but the court does not think that a verdict should be upheld if rendered by a jury under the effect of instructions from the trial judge which, in the opinion of the court, are not justified by the principles of law." This indicates the court thought that, because of the manner in which the case was submitted to the jury, the ends of justice required it to be retried; but the opinion of the court below does not conclusively show that the reasons there stated and discussed were the only ones which controlled the exercise of its discretion in ordering a new trial, and that discretion is a very wide one. Under such circumstances, we do not interfere with the judgment of the trial court: Simmons-Boardman Pub. Co. v. American B. P. Co., 282 Pa. 521; Duaine v. Gulf Ref. Co., 285 Pa. 81, and cases there cited.

Appellant's second contention, that plaintiff failed to produce evidence sufficient to sustain a verdict in his favor and, therefore, the court below abused its discretion in granting him a new trial, has no proper place in this appeal. Here, we are not asked to pass upon a judgment n. o. v., but an order for a new trial; and, under such circumstances, we will not review the whole body of the evidence, as appellant would have us do in the present instance, particularly where there is nothing on the record to show that the court below was asked to pursue this course when that tribunal had before it the motion for a new trial. In the Simmons-Boardman Case, supra, this court recently said: "Before we will proceed to review [an order for a new trial], it must appear that

testimony is not to be passed on by us unless purely as to its legal effect in some isolated and all-controlling particular wherein its verity is admitted. This court will not review an order granting a new trial unless the court below states it would have refused to grant the new trial but for reasons distinctly set forth, which, in its opinion, control the whole case; and then we will review the reasons given only when they do not involve the consideration of oral evidence further than as previously noted."

The order appealed from is affirmed.