Lasch *v.* Cohn, Appellant.

Argued October 12, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

162

*Michael A. Foley,* with him *Henry I. Koplin,* for appellant.

*Milford J. Meyer,* with him *Robert M. Bernstein,* for appellee.

OPINION BY PARKER, J., January 27, 1938:

This is an action in trespass brought to recover damages for personal injuries alleged to have been sustained by plaintiff as a result of the bursting of a water back in a stove in a residence owned by the defendant and rented to a brother of plaintiff for the use of himself and other members of his family. The case was tried before a jury which rendered a verdict for the plaintiff. The court below rejected defendant's motions for binding instructions and for judgment n. o. v., but granted a new trial. Appellant assigns as error the refusal of his motions and the granting of a new trial.

It has been repeatedly ruled that "on an appeal from the grant of a new trial, unless the record contains a definite judicial statement that the order in question rests on a reason given, which, to the exclusion of all else, controlled the decision, we will not interfere with the court's exercise of discretion": *Lawrence v. Gillespie,* 300 Pa. 584, 585, 151 A. 343; *Grossman v. Bessemer & L. E. R. R.,* 289 Pa. 169, 137 A. 178. While the court gave certain reasons for granting the new trial, which, in our opinion, were all sufficient, he did not state that

those were the only reasons for his action. "In reviewing an appeal from an order of the court below, in cases where it has dismissed a motion for judgment non obstante veredicto, but has awarded a new trial, the appellate courts will affirm unless the granting of a new trial was a clear abuse of discretion": *Pawlowski v. Sczehowicz,* 293 Pa. 548, 550, 143 A. 180; *Regan v. Davis,* 290 Pa. 167, 169, 138 A. 751; *Feite v. Goll,* 285 Pa. 151, 131 A. 726.

As the motion for judgment n. o. v. was pressed in the court below and was considered by that court we will examine that contention: *Feite v. Goll,* supra; *Fornelli v. Penna. R. R. Co.,* 309 Pa. 365, 164 A. 54. The allegations of negligence were that "the defendant, his servants, agents, workmen or employees engaged in his business installed [in the premises] a combination gas and coal stove, including what is termed a 'water back' " and attached thereto by means of water pipes a water boiler or tank for the purpose of heating a bathroom, that the installation was so carelessly and improperly made and the plan adopted was such that the water back burst and injured plaintiff, and specifically that the negligence consisted in failing to equip the system with a safety valve and in installing a system which was inherently dangerous.

The appellant contends that the proofs were insufficient in that the plaintiff did not show that the hot water installation was made by an agent of the defendant or by his direction or that the work was under the "control and management" of the defendant and also argues that the plaintiff was guilty of contributory negligence as a matter of law. We are of the opinion that these matters were all questions of fact for the jury under the evidence produced.

Before considering the specific contentions of the appellant it should be observed that a landlord having undertaken repairs is liable for his tort with respect to

the making of such repairs. "There can be no doubt that a landlord undertaking to repair the premises leased, and repairing them negligently thereby causing injury, is liable for his tort: *Tarnogurski v. Rzepski,* 252 Pa. 507; *Rehder v. Miller,* 35 Pa. Superior Ct. 344; ...... This is so even though the undertaking was gratuitous since the root of the liability imposed is not the undertaking or promise but the making of the repairs in such a way as to create an unreasonable risk of harm to those in plaintiff's position": *Harris v. Lewistown Tr. Co.,* 326 Pa. 145, 148, 191 A. 34.

The water back and pipes were installed by a workman named Levy but there was no direct evidence that Levy was the agent of the defendant. The plaintiff depended upon circumstantial evidence for his proofs of agency. "It is a long established principle that 'whatever evidence has a tendency to prove an agency is admissible, even though it be not full and satisfactory, and it is the province of the jury to pass upon it. Direct evidence is not indispensable—indeed, frequently is not available—but instead circumstances may be relied on, such as the relation of the parties to each other and their conduct with reference to the subject-matter of the contract': 21 R. C. L., section 6, page 820. In 2 C. J., section 32, page 436, there is laid down this principle: 'It [the fact of agency] must be determined from the facts and circumstances of the particular case, and if it appears from such facts and circumstances that there was at least an implied intention to create the relation, it will by implication be held to exist' ": *Brock v. Real Estate-L. T. & T. Co.,* 318 Pa. 49, 53, 178 A. 146. Also see 3 C. J. S. (Agency) §328.

Viewing the evidence in a light most favorable to the plaintiff as we are required to do in considering a motion of this nature it was sufficient to support a finding by the jury that Levy was employed and directed by the landlord to make the alterations. There had been fre-

quent complaints by the tenants to the landlord that the bathroom which was on the second floor and extended beyond the rest of the building, thus exposing it to the cold, could not be heated and that pipes in the bathroom frequently froze. There were a number of conversations between the tenant and his family on the one hand and the landlord on the other with reference to the making of repairs that would satisfy the complaints of the tenants and it appeared that Cohn promised to make the repairs, saying that he "had made arrangements with someone to install a new arrangement." The last of these conversations was in December, 1933 and a short time thereafter, in January, 1934, the man Levy did appear and made the changes in the manner that the landlord had outlined. It would seem that the reasonable inference, under these circumstances, to be drawn from the appearance of Levy at the premises and the making of the repairs was that he was there by direction of the landlord who had said that he would send someone to do the work.

But the appellant further suggests that Levy may have been an independent contractor and that in that event Cohn, as principal, would not be responsible for the manner in which the work was done or for the consequences resulting therefrom. Here again the evidence does not support the appellant's contention as a further reference to the proofs will show. The evidence all came from the plaintiff as the defendant offered no testimony. Shortly before the repairs were actually made Cohn had sent a contractor to the premises to make a plan for a change which would correct the unsatisfactory conditions and to make an estimate of the expense of the alterations. After making the estimate the contractor advised Cohn that the work could not be done in the manner suggested by him as the pipes would freeze. Cohn then sent Levy to do the work. A water back was installed in the kitchen stove and this

was connected to the hot water boiler in the bathroom by two-way pipes. These pipes took such a course that they were exposed to the cold and were easily frozen. There was no safety valve installed with the result that when the pipes did freeze and the heat in the kitchen stove increased in intensity the system burst at it weakest point, the water back.

There was sufficient evidence to warrant the jury in finding that the system adopted was with the approval and by the direction of the defendant. There was considerable expert testimony showing that the plan was dangerous and liable to cause injury to those nearby. The evidence of the plaintiff did not show that defective materials were used or that the workmanship was faulty. It did tend to show that the fault was in the system adopted by the landlord. The landlord under such circumstances could not get support from the rules applicable to work done by an independent contractor. "The employer of an independent contractor is subject to the same liability for bodily harm caused by an act or omission committed by the contractor pursuant to the orders or directions negligently given by the employer, as though the act or omission were that of the employer himself": Restatement, Torts, §410. The evidence was sufficient to show that the employer knew or should have known that the work done pursuant to his orders and directions involved an unreasonable risk of causing bodily harm to others and they were therefore orders negligently given. The evidence produced by the plaintiff was sufficient to submit to the jury on this question.

While at the close of the case the evidence presented a nice question as to whether the plaintiff was guilty of contributory negligence, it was nevertheless for the jury to decide and the arguments of the appellant on this branch of the case were pertinent in presenting this defense to the fact finding body. The facts that some of the pipes in the bathroom were frozen, that the fire

in the stove had been banked during the night, that the plaintiff increased the heat in the stove, and that the pipes knocked when the heat became more intense were all proper matters for presentation to a jury. The jury also had for consideration the fact that it was necessary to have heat in the kitchen stove and what the plaintiff knew as to the mechanical construction of the system. Did he know that there was no safety valve on the system? Did he know that the pipes between the boiler and the water back were frozen, or only that those supplying the wash stand in the bathroom were frozen? The jury might well have taken into account the intelligence and mechanical education of the plaintiff. There are numerous other items to which it is not necessary to refer. However, when all these matters are considered we are driven to the conclusion that the facts are not so clear as to have warranted the court in disposing of the contention as a matter of law. The question of contributory negligence is ordinarily for the jury and it is only in clear cases that it is for the court.

The court below has not finally disposed of the controversy but has granted a new trial that each party may have the benefit of a more adequate presentation of his respective claim. Reverting to the principle stated at the outset of this opinion, it seems clear to us that it was not an abuse of judicial discretion to grant a new trial.

The order of the court below is affirmed.