## Theakston et ux. *v.* Kaszak et ux., Appellants.

Argued April 16, 1943. Before KELLER, P. J., BALD-RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Warren H. Van Kirk,* for appellants.

*Max U. Applebaum,* for appellees.

OPINION BY BALDRIGE, J.: July 16, 1943:

The plaintiffs, husband and wife, tenants of the defendants, brought suit in trespass to recover for personal injuries sustained by the wife, who fell off the porch attached to the front of the leased premises. This porch is located about 12 or 14 feet from the sidewalk and has an 8 foot wide floor, about 4 to 5 feet above the ground. A banister, approximately 2½ to 3 feet high runs along the front edge of the porch. A section about 3 feet long of this banister is removable permitting coal to be put into the cellar of the house

by lifting a door in the floor of the porch. This section, held in place by two small hooks, one on each end of the top of the banister, which fitted into eyes screwed into the porch posts or columns, had gotten into a state of disrepair. "The banister, the screw-eyes were out and it dropped down. The section would swing out." Under the terms of a written lease the lessees were to make all repairs but in October 1939 Mr. Kaszak, one of the landlords repaired this section. After completing his work he said to Mrs. Theakston that "he had repaired the banister, it was safe, it was all right now."

On December 19, 1939, Mrs. Theakston, when sweeping on the outside edge of the floor of the porch, leaned against the banister and the removable section gave way and she fell to the ground. Immediately after this occurrence both eyes were out of the posts and one of the hooks was found on the ground. Suit was brought alleging defendants were guilty of negligence in the manner the repairs were made. Judgments were recovered by the plaintiffs and these appeals followed.

The appellants contend: (1) That the plaintiffs failed to prove any negligence on their part; (2) assuming their negligence was established, it was not shown that it was the legal cause of the injuries sustained; and (3) Mrs. Theakston was guilty of contributory negligence.

(1) The landlords were not required under the lease to make repairs to this dwelling house, but as they undertook to do so they became liable if the repairs were negligently made and caused injury to the wife plaintiff even though their undertaking was gratuitous: *Lasch v. Cohn*, 130 Pa. Superior Ct. 161, 196 A. 581; *Tarnogurski v. Rzepski*, 252 Pa. 507, 97 A. 697; *Harris et ux. v. Lewistown Trust Company et al.*, 326 Pa. 145, 148, 191 A. 34.

The principle of law laid down in Comment (c) of section 362, Restatement, Torts, reads as follows: "The

lessor is subject to liability, if, but only if, the lessee neither knows nor should know that the purported repairs ...... have been negligently made and so, relying upon the deceptive appearance of safety, subjects himself to the dangers ......" This rule conforms to our appellate court decisions in *Sheridan et al. v. Krupp*, 141 Pa. 564, 21 A. 670; *Thompson et ux. v. Refowich*, 85 Pa. Superior Ct. 248.

There was no evidence that plaintiffs knew of the defective condition of the banister as the section in question had not been removed after it was repaired prior to the accident. Mrs. Theakston relied upon the assurance given by Kaszak after the work was done that the banister was safe. Whether the repairs were negligently made was a question for the jury.

(2) Assuming in view of the verdict that this work was negligently done, there can be little if any doubt that the wife plaintiff's injuries were attributable to that fact. Certainly it was not for the trial judge to determine otherwise as a matter of law. The argument was advanced that there was no proof that these hooks and eyes were in place or fastened at the time of the accident; that someone may have disconnected the hooks and eyes, and the defendants in such an event would be relieved of liability. The proof that the eye screws had pulled out, and at least one of the hooks was found upon the ground immediately under the removable portion of the banister is quite convincing that they had been connected before the accident or the eyes would not have pulled out. There was the further evidence that the banister was in place immediately prior to the accident, which would indicate that the hooks and eyes were connected. As above noted before the repairs were made, when the hooks and eyes were not giving proper support, the removable part of the porch sagged. The evidence warranted the jury's concluding that the wife plaintiff's injuries were attributable to defendants' negligence.

(3) There remains the question whether Mrs. Theakston was guilty of contributory negligence in that she failed to exercise such care and caution that her conduct fell below the standard to which she was required to conform for her own protection: Restatement, Torts, §463. She testified that after the repairs were made she cleaned her porch about once a week or if the weather was cold not that frequently. It cannot be said as a matter of law that she was guilty of contributory negligence in failing to observe or inspect the nature of the repairs after the assurance she had received. The banister had the appearance, from the photograph offered in evidence, of being substantial in construction and would not give one warning that it would not stand a certain amount of weight. Whether under the circumstances she should have inspected the banister, or its condition was so apparent that she was guilty of negligence in leaning against it in the manner she did, were questions of fact.

The issues involved were in our judgment for the jury and from the record before us we believe they were properly submitted for their consideration.

Judgment is affirmed.