Rubin, Appellant, *v.* Girard Trust Company et al.

Argued October 4, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*B. Nathaniel Richter,* for appellant.

*Thomas E. Comber, Jr.,* with him *Pepper, Bodine, Stokes & Schoch,* for Girard Trust Co., appellee.

*Oliver C. Riethmiller,* for J. M. Rogers, appellee.

OPINION BY KENWORTHEY, J., January 27, 1944:

The verdict was in favor of a tenant against her landlord for injuries allegedly sustained by reason of repairs negligently made. The jury exonerated the contractor who actually made them. The plaintiff filed a motion for new trial against the contractor. The landlord filed a motion for judgment n.o.v. The court entered judgment for both defendants. These appeals followed.

In December 1939 plaintiff, through her daughter, notified the Girard Trust Company, her landlord, that (1) the mortar and cement had been washed out from between the bricks at the rear of the house and that several bricks were missing so that there were holes "permitting the air to come right in the back of the house," (2) that the "steps [of the rear porch] were very loose and shakey," and (3) that "the platform at the top of the steps ...... had pulled away from the wall approximately an inch and a half or possibly two inches."

In January 1940, the landlord's maintenance man made an inspection. According to plaintiff's evidence, this inspection should have revealed not only that the wall required pointing with replacement of the missing bricks, but that the end of one of the wooden joists inserted into the wall to support the back porch was "practically rotting away, because I got hold of it with my hands and it crumbled when I squeezed it with my hands like this (indicating)," and that it had been in that condition for two or three years. (Testimony of

Donald King, plaintiff's expert who examined the structure about two months after the accident happened).

The landlord, although under no obligation to do so, engaged Rogers, the additional defendant, to make repairs. But, instead of giving a carte blanche order to do whatever the contractor found necessary or specifying all the repairs which ultimately proved necessary, the work order was only to "point areaway, rear and return walls from ground to roof" and provided: "This order must be filled in exact accordance with above instructions. For extra material or labor, new order must be obtained. Deliver no materials or do no work on our account unless order is written on this form."

The work was completed February 2, 1940 and was inspected and approved by the landlord's maintenance man on March 19, 1940. It seems to be conceded all around that the joist had been pushed back in place, that the work had the appearance of satisfactory completion, that the porch seemed firm and safe, and that, with the joist back in place and the bricks and mortar replaced, the rotten end of the joist was not visible.

On March 21, 1940, plaintiff stepped on the platform or porch, the rotten joist gave way and suddenly pulled out from the wall for a distance of about two inches. As a result, plaintiff lost her balance, fell the full length of the steps and fractured her hip.

We start with two well-settled principles: (1) An undertaking by a landlord to make repairs, even though gratuitous, creates a liability for injuries to a tenant resulting from negligent performance (*Theakston v. Kaszah*, 152 Pa. Superior Ct. 576, 33 A. (2d) 46); (2) ordinarily, such undertaking or any part of it, may be delegated to a contractor for whose independent negligence the landlord will not be liable. *Silveus v. Grossman*, 307 Pa. 272, 161 A. 362; *Miller v. Erie*, 340 Pa. 177, 16 A. (2d) 37; *Anderson v. Hays Mfg. Co.*,

207 Pa. 106, 56 A. 345; *Martin v. Wentz*, 145 Pa. Superior Ct. 424, 21 A. (2d) 444; *Doerr v. Rand's* 340 Pa. 183, 16 A. (2d) 377.

But, in the present case, the mistake the landlord made was to delegate to the contractor less than all of the work which, according to the evidence, the landlord knew or should have known was necessary and the tenant was innocently misled into assuming the structure had been made safe. This, in our opinion made a case for the jury. The basis of the liability of a landlord who gratuitously undertakes to make repairs performed negligently is the representation—that the repairs have been properly made—upon which the tenant relies to his injury. In the present case, the landlord impliedly represented to the tenant that all necessary repairs had been made. Included was also an implied representation that a reasonable inspection had been made for the purpose of determining what repairs were necessary. It was of this latter representation that the evidence indicates there was a breach. When the work was done, the tenant had a right to assume that the necessary work had been ascertained and performed. Her injury resulted from her reliance on that assumption. Restatement, Torts, Sec. 362; *Theakston v. Kaszah,* supra.

The jury concluded the contractor was not negligent. On this aspect, the case is similar to *Jones v. McNichol Paving & Con. Co.,* 317 Pa. 246, 176 A. 444, (see the companion case of *Walker v. McNichol Paving & Con. Co.,* 325 Pa. 267, 189 A. 673). In that case, the general contractor subcontracted the excavation work to McNichol, expressly excluding any shoring. After the excavation work was completed, one of the walls of the excavation collapsed. The jury found there was no negligence in the performance of the excavation work, but that the collapse had been caused by the failure of the general contractor to furnish adequate

shoring. There was no way McNichol could possibly have known, up to the time its work was finished, that adequate shoring would not be furnished. In that respect, it differs from the present case because, before he pushed the joist back in the wall and sealed it from view, the contractor had the same opportunity as the landlord to observe the rotten condition. If the contractor had noticed it, he, too, might have been liable. See *Bisson v. John B. Kelly, Inc.*, 314 Pa. 99, 170 A. 139; *Wissman v. General Tire Co.*, 327 Pa. 215, 219, 192 A. 633. But there is nothing to indicate that he did and, in view of the explicit instructions from the landlord to confine himself to pointing the wall, the jury was justified in concluding he had no duty to explore. That burden had been assumed by the landlord whose omission was the cause of plaintiff's injury.

The judgment in favor of Rogers is affirmed. The judgment non obstante veredicto in favor of the Girard Trust Company is reversed and entered on the verdict.