Bross et vir *v.* Varner et al., Appellants.

Argued April 15, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Morton Meyers,* with him *Russell R. Yost* and *Graham, Yost, Meyers & Graham,* for appellants.

*Edward J. Harkins,* with him *Robert J. Wharton,* for appellees.

OPINION BY RENO, J., October 1, 1946:

Plaintiffs, husband and wife, tenants of defendants' dwelling house, brought trespass against them for damages arising from personal injuries to the wife occasioned by the alleged negligent repairs of the premises. The verdict for plaintiffs was sustained by the court below which overruled defendants' motions for judgment n. o. v. and a new trial.

Plaintiffs held under an oral lease, and there was no agreement obligating defendants to make repairs. Nevertheless, upon the request of the plaintiff husband, the defendants repaired the property, and this created liability for injuries resulting from negligent performance. *Rehder v. Miller,* 35 Pa. Superior Ct. 344; *Theakston v. Kaszak,* 152 Pa. Superior Ct. 576, 33 A. 2d 46. The repairs were made by a carpenter employed by defendants, and since defendants' undertaking could be delegated, *Rubin v. Girard Trust Co.,* 154 Pa. Superior Ct. 257, 35 A. 2d 601, they would be liable only if the carpenter was their servant and not an independent contractor. *Silveus v. Grossman,* 307 Pa. 272, 161 A. 362. For the most part, the argument here revolved around

the question whether the carpenter was defendants' servant or an independent contractor.

Defendants, brothers and sisters, owned the dwelling house, and also other leased properties, and they committed their management to a sister, Lillie M. Moose. She admitted that she ordered the carpenter, E. O. Herald, to make the repairs. Thus, the rule of *Reifsnyder v. Dougherty*, 301 Pa. 328, 152 A. 98, relied upon by defendants, holding that agency cannot be assumed from the mere fact that one does an act for another, is satisfied, for here the fact is established by defendants' admission that the carpenter was employed by them.

The question whether defendants' agent, using that term in the broad sense of the Restatement, Agency, §1, Comment *d*, was their servant or an independent contractor was for the jury, since all the testimony was oral, and the facts were in dispute. "The precise nature of the relationship, [whether master and servant or independent contractor] under the evidence, presents a question of fact which it is the exclusive function of the jury to determine, after proper instructions by the court as to the matters of fact to be considered, except where the facts are not in dispute and the evidence is direct and certain, presenting no question of credibility and leaving no sufficient ground for inconsistent inferences of fact": *Joseph v. United Workers Assn.*, 343 Pa. 636, 639, 23 A. 2d 470; and see *Eckert v. Merchants Shipbuilding Corp.*, 280 Pa. 340, 124 A. 477; *Hass v. Phila. and So. Mail S. S. Co.*, 88 Pa. 269; 39 C. J., Master and Servant, §1592. It was for the jury to determine the facts, and from them to formulate, according to the rules set forth in Restatement, Agency, §220, an ultimate finding of the relationship between defendants and Herald.

Upon that issue plaintiffs presented a prima facie case by showing that the carpenter was defendants' agent, and that he performed work upon defendants' premises upon their order and for their benefit. This was sufficient to support an inference that he was defendants'

servant. See cases collected in 65 L. R. A. 459; 17 L. R. A. (N. S.) 372, 19 Am. and Eng. Ann. Cases 6. A prima facie case is made out whenever the evidence is strong enough to justify, even though it does not compel, an inference which tends to establish a fact necessary to carry an allegation to the jury. Cf. *Schell v. Miller N. Broad Storage Co.*, 157 Pa. Superior Ct. 101, 42 A. 2d 180. Plaintiffs were not obliged to go further and to prove a negative, to show that Herald was not an independent contractor, or to present evidence which excluded the possibility that he was an independent contractor. It was for defendants to bring forward evidence to support their contention that Herald was an independent contractor. *Hookey v. Oakdale Borough*, 5 Pa. Superior Ct. 404, and for the sequel see *Oakdale Borough v. Gamble*, 201 Pa. 289, 50 A. 971; 39 C. J., Master and Servant, §§1582, 1590.

We are reviewing this case upon defendants' motion for judgment n. o. v. Hence the evidence must be considered in the light most favorable to plaintiffs, the inferences which may be drawn from it must be taken as true, and all unfavorable testimony and inferences must be rejected. *Holland v. Kohn*, 155 Pa. Superior Ct. 95, 38 A. 2d 500.

As stated, all the evidence was oral; there was no written contract or order for the repairs. Nor was there an agreement that the work should be performed for a fixed definite price. In response to Bross' complaint, Mrs. Moose requested Herald to inspect the premises and to estimate the probable cost of making the necessary repairs. At the same time he was requested to examine other properties of defendants and to estimate the cost of repairs upon them. Herald was a carpenter who had no employes; his brother assisted him; "me and him worked together, took jobs together", Herald testified. Herald reported that the cost "would be over a hundred dollars, or more." Apparently he was to furnish the materials, but whether he was to be paid a lump sum for his services or by the day or hour was not disclosed.

Whereupon she instructed him to do the work and Herald, with his brother assisting, made repairs to the rear porch. After Herald had finished his work, Bross was dissatisfied with it, particularly with the banister and railing, and so notified Mrs. Moose, who recalled Herald to the job, and Herald made additional repairs. Mrs. Moose did not inspect the premises before or after the repairs were made, and was not present while Herald was making the repairs.

After the work was entirely completed Herald rendered an itemized bill which Mrs. Moose paid. Its exact amount was not revealed, and although the receipted bill was still in her possession she did not produce it at the trial. Thus a document which might have indicated whether Herald was working, in the language of the Restatement, supra, "by the time or by the job," and whether Herald's brother was employed and paid by Herald or by defendants, was not exhibited to the jury. Nor did the testimony definitely establish "the extent of control which, by the agreement, the master may exercise over the details of the work": Restatement, supra. Mrs. Moose testified that her order to Herald was general, that is, he was to do the work and "you do it right; do it right, mister," but a fair inference from Herald's testimony is that the details of the necessary repairs were reported to her, "I told her anyhow what was to be done and if there is anything else that would be extra." Thus, there was left in doubt whether Herald was, under the verbal order, charged with the duty of producing a result, or whether he was only required to do specified work, the details of which he had reported to Mrs. Moose. If the latter is the correct version, the case might well be ruled by *Rubin v. Girard Co.*, supra, and *Lasch v. Cohn*, 130 Pa. Superior Ct. 161, 196 A. 581. At all events, the evidence was not clear and direct, the facts were in dispute, variant inferences could be drawn from the evidence, and clearly the question was for the jury. We cannot disturb its verdict.

The question of defendants' negligence was not stressed here, but we have examined the record and we are satisfied that the evidence presented a question for the determination of the jury. A year after the completion of the repairs, the wife plaintiff leaned against the banister while shaking out a carpet, it collapsed and she fell to the ground, six or seven feet below, suffering injuries. Plaintiffs charged that the banister or railing was not repaired in a workmanlike manner in that nails of insufficient strength were used and that the rail should have been enforced by wooden blocks. Their contention was reinforced by the testimony of experts, and their credibility, as well as the question whether the repairs had been so made as to last a reasonable length of time, were for the jury.

Judgments affirmed.