**BROWN et ux. v. T. W. PHILLIPS GAS & OIL CO.**

No. 10624.

United States Court of Appeals Third Circuit.

Argued Feb. 21, 1952.

Decided April 7, 1952.

644

Raymond E. Brown, Brookville, (Donald J. Dennison, Brookville, Pa., John L. Wil-son, Butler, Pa., W. McCook Miller, Kirk-patrick, Pomeroy, Lockhart & Johnson, Pittsburgh, Pa., on the brief), for appellant.

Marvin D. Power, Pittsburgh, Pa., (Margiotti & Casey, Pittsburgh, Pa., on the brief), for appellees.

Before BIGGS, Chief Judge, HASTIE, Circuit Judge, and HARTSHORNE, District Judge.

HARTSHORNE, District Judge.

Plaintiffs owned and operated a poultry farm in Pennsylvania, heated by natural gas from defendant's well, which was on, or close to, the farm. Under the company regulations, accepted by plaintiffs, it was plaintiffs' duty to maintain the local gas facilities, including a pressure regulator and blow-off valve, in order to keep down to a safe degree any undue pressure in the gas line, the which ultimately caused the fire in question. There had been trouble with the regulator for a year or so before the fire, as the result of which defendant's employees, despite the regulations, repaired the regulator on several occasions, as was their general habit with customers. In fact, plaintiffs had been told by defendant's headquarters, on more than one occasion, to leave the regulator alone, that McCreight, the defendant's local agent, would fix it. Shortly before the fire, which occurred Sunday, June 22, 1947, the regulator was repaired again by McCreight, "just a temporary makeshift", there being testimony that this repair was not proper. All agreed a new regulator had to be installed in a short while. As arranged between plaintiffs and McCreight, a new regulator had been purchased by McCreight with plaintiffs' money; but before McCreight had installed it, as agreed, the fire occurred, and the property was destroyed.

As to the blow-off valve, which, with the regulator, would tend to keep down the unusual gas pressure which existed on Sundays, and thus lessen the danger of fire, while there was testimony by plaintiff husband that he did not know of any such valve being on the line, there was also testimony by McCreight that it was in place, at least as late as the December before the fire.

The trial court charged the jury to find whether or not defendant assumed the duty of maintaining these local facilities, despite the regulations, and left to the jury the question of plaintiffs' contributory negligence as to the existence or not of a blow-off valve on the line at the time of the fire. A verdict for plaintiffs in the amount of $38,000 resulted, later reduced to $32,000, by the trial court.

 This being a diversity case, with its locale in Pennsylvania, the substantive law of that State is applicable. Had the defendant company rested on its original contract, as above, the responsibility for the regulator and blow-off valve, and their maintenance in proper condition, might well have been the plaintiffs'. But the company did not do so, and the jury found, as they well might, that the company voluntarily assumed to actually repair and maintain these facilities. That this may give rise to a liability in tort, as the jury were charged, is clear.

 Indeed, it has been said that "even a mere gratuitous promise will be enough to create a duty for the breach of which a tort action will lie", provided defendant has reason to expect the plaintiffs to rely thereon to their hurt, and this even though defendant has not actually entered upon performance of such duty.[1] To the above effect, Prosser cites Tarnogurski v. Rzepski, 1916, 252 Pa. 507, 97 A. 697. However, while there is language to this effect in the Tarnogurski case, the Pennsylvania courts have later made it clear that more than a mere gratuitous promise is necessary to raise such a duty, i.e., an actual entry upon the performance of such promise.[2] Here, however, this narrowing restriction becomes immaterial, in the light of the testimony as to the fact that the actual performance was entered upon by the defendant, and in an improper manner.

 As to the point particularly stressed by defendant, that there was no blow-off

valve on the line at the time of the fire, as a matter of law, so that it was error to leave this question to the jury, we need only call attention to the above testimony that defendant's agent in charge found this valve on the line but a few months before the fire. This, in the absence of evidence of its removal thereafter, gives rise to a presumption of continuance, which, together with the dispute as to what happened after the fire, makes the existence of the blow-off valve on the line at the time of the fire a question for the jury.

The judgment of the District Court will accordingly be affirmed.

---

1. Prosser, Torts, 1941 Edition, Section 32, page 195, et seq.; Seavey: Reliance Upon Gratuitous Promises or Other Conduct, 64 Harv.L.R. No. 9, p. 913, Apr. 1951. See also Restatement, Torts, Negligence, Section 325.

2. Harris v. Lewistown Trust Company, 1937, 326 Pa. 145, 191 A. 34, 110 A.L.R. 749; Lasch v. Cohn, 1938, 130 Pa.Super. 161, 196 A. 581.