Smith *v*. Kravitz, Appellant.

Argued October 7, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Ralph S. Croskey,* with him *Croskey & Edwards,* for appellant.

*Gordon W. Gerber,* with him *Harry J. Gerber,* for appellee.

OPINION BY GUNTHER, J., January 20, 1953:

Appellee obtained a jury verdict of $850 in this trespass action and appellant's motion for judgment n.o.v. was overruled by the court below. Hence this appeal. In reviewing this case upon appellant's motion for judgment n.o.v. the evidence must be considered in a light most favorable to appellee, the inferences which may be drawn from it must be taken as true, and all unfavorable testimony and inferences must be rejected. *Bross v. Varner,* 159 Pa. Superior Ct. 495, 498, 48 A. 2d 880. So considered, the evidence establishes that appellee, a guest of Mrs. Lillian Terrell, sustained a broken left ankle when her foot went through the kitchen floor in premises owned by appellant, but leased to Mrs. Terrell. Appellant, although under no duty to repair,[1] gratuitously undertook to repair the kitchen floor, which was sagging and which contained rat holes and loose boards. Appellant's carpenter spent several hours in and about the kitchen, replacing some of the floor boards and generally repairing the condition complained of by the tenant. About six weeks later, appellee sustained her injury.

Appellant contends that there was no proof that any repairs which had been made were made at the particular part of the kitchen floor where the injury occurred, that even if that had been established there was no evidence to establish negligent repairs.

---

[1] Cf. *Hayden v. Second National Bank of Allentown,* 331 Pa. 29, 199 A. 218; *Bouy v. Fidelity-Philadelphia Trust Co.,* 338 Pa. 5, 12 A. 2d 7.

Mrs. Terrell testified that the floor had loose and sagging boards and that she complained about the condition many times to appellant; that he finally sent a carpenter to repair it; that the carpenter worked "around on the kitchen floor" and "he was taking up old boards and putting down new boards." Mrs. Terrell testified that she did not watch the carpenter except for a few occasions on which she came downstairs; that she let him out the door when he said he was finished. Mrs. Terrell was then examined as follows: "Q. Did you walk on the kitchen floor after you came down and the carpenter had left? A. No, I didn't examine it, because I thought the floor was fixed. Q. What caused you to say that you thought the kitchen floor was fixed? A. Because he was working in there and he had new boards around the places in the floor, and I thought he had fixed everything. I didn't know." Then on cross-examination Mrs. Terrell testified: "Q. Did you see them (the boards) in that same condition after he was through with his work? A. Well, it was not as bad after he had finished. It didn't seem to me like he probably did it all. Q. What makes you think it was not fixed? A. Because Mrs. Smith went through it."

This evidence is sufficient to make out a prima facie case for the appellee, and to present a jury question, since appellant offered no testimony (there is no allegation that appellee was guilty of contributory negligence.) This case is governed by the rules laid down in Restatement of Torts, §362, and in *Rubin v. Girard Trust Co.*, 154 Pa. Superior Ct. 257, 35 A. 2d 601. In the *Rubin* case it was stated at page 260 that: "The basis of the liability of a landlord who gratuitously undertakes to make repairs performed negligently is the representation—that the repairs have been properly made—upon which the tenant relies to his injury. In the present case, the landlord impliedly represented to

the tenant that all necessary repairs had been made. Included was also an implied representation that a reasonable inspection had been made for the purpose of determining what repairs were necessary." In this case, appellant's liability rests on a breach of the two latter implied representations. The court below succinctly summarized the matter in its opinion: "The contention that plaintiff failed to prove that any repairs were made to the spot which caved in is without merit. The basis of liability here is not that the repairs which were made were made negligently but rather that the inspection was insufficient: that the repairs were incomplete and that a deceptive appearance of safety was given to an unsafe condition." The dangerous condition was shown to be the kitchen floor and its connecting area with the dining room. The carpenter performed work in and about the area complained of in such manner as to hold out to the tenant that the whole dangerous area had been repaired. The gist of appellant's negligence is that the insufficient repairs gave a deceptive appearance of safety and thereby led the tenant and her guests to use the floor in a way which, but for the repairs, they would recognize to be dangerous. Cf. Restatement of Torts, §362(a) ; *Theakston v. Kaszak,* 152 Pa. Superior Ct. 576, 33 A. 2d 46. Although it does not appear that appellant or his workman expressly told the tenant that the floor was fully repaired, such was the clear implication which the jury was warranted in finding from the fact that the carpenter came for that very purpose, worked for several hours in and about the dangerous area, and finally announced that he was finished. Mrs. Terrell was warranted, as the jury found, in relying thereafter on the safety of the floor she naturally assumed had been fully repaired.

Appellant's claim that the basis of liability set forth in the opinion of the court below was a new theory is

without merit. Appellee's complaint contains allegations of insufficient inspection of the premises, incomplete repairs, and representations by appellant that the condition had been remedied. All these allegations were proven by either direct evidence or reasonable inference, and are sufficient to make out appellee's case. The evidence was sufficient to warrant a jury verdict and judgment n.o.v. was properly overruled.

Judgment affirmed.