## Hamilton et al. v. Stadden

*Sidney L. Krawitz*, for plaintiffs.

*Eli T. Conner, 3rd*, for defendant.

McCREADY, P. J., fifty-sixth judicial district, specially presiding, July 16, 1941.—On April 8, 1941, defendant, Thomas L. Stadden, presented his petition to open judgment and a rule was granted on plaintiffs to show cause why the judgment should not be opened and defendant let into a defense. The rule was made returnable April 14, 1941, and proceedings to be stayed until the determination of the rule and testimony to be taken on behalf of the parties, provided both parties comply with the provisions of the lease during the pendency of the rule to open judgment and the rule to strike off the judgment.

On April 9, 1941, plaintiffs filed their answer and on April 15, 1941, testimony was taken on the rule and argument heard thereon, and the matter is now before the court for disposition.

### Discussion

On March 14, 1940, Charles D. Wolfe, owner of a dwelling house on lot no. 89, Avenue F, between Fifth and Sixth Streets, in the Borough of Matamoras, Pike County, Pa.,

entered into a written lease with defendant, Thomas L. Stadden, for a term beginning May 1, 1940, and ending May 1, 1941. The lease contained certain covenants, among them being one which provided that an attorney of a court of record could appear for and confess judgment in an amicable action of ejectment against defendant upon the breach of any of the covenants contained in the lease.

On March 6, 1941, Charles D. Wolfe and his wife executed and delivered a general warranty deed of the said premises to plaintiffs, James B. Hamilton, Jr., and Alberta C. Hamilton. This deed was entered in the office for the recording of deeds in and for Pike County, Pa., on March 10, 1941, in deed book vol. 96, p. 180.

On March 11, 1941, a written notice of the sale of the land to plaintiffs was handed to defendant by Clifton Cloud, Esq., requesting that in accordance with the terms of the lease defendant remove within 60 days from the premises.

On March 11, 1941, Charles D. Wolfe executed and delivered to plaintiffs an assignment of all his right, title, and interest in the lease between himself and defendant, Thomas L. Stadden, said assignment having been made on the back of the original lease.

On March 25, 1941, plaintiffs, by registered letter, notified defendant, among other things, that they were the grantees and assignees of Charles D. Wolfe, and that in accordance with the covenants and reservations contained in the lease they intended to make certain necessary repairs to the freehold.

One of the covenants of the lease provides as follows:

"The party of the first part expressly reserves the right to enter upon the premises at reasonable times for the purpose of making necessary inspection, repairs or to show the same to prospective purchasers or lessees, and may display 'for rent' or 'for sale' cards thereon."

The testimony submitted establishes that on March 27 and 28, 1941, plaintiffs, through their workmen and

agents, attempted to enter the premises for the purpose of making necessary repairs and were ordered to leave and remove their tools from the premises by defendant, and to desist from making any repairs to the premises.

On March 28, 1941, Karl A. Wagner, Esq., by virtue of the power of attorney contained in the lease confessed judgment in ejectment to the above number and term against defendant. On the same date, notice by registered mail was given to defendant that a judgment in ejectment had been entered against him by plaintiffs.

Defendant sets forth two reasons why the court should open the judgment. The first reason is that plaintiff James B. Hamilton, Jr., came to defendant's place of business and made a demand that he be given the privilege to alter the building by tearing out a partition wall for the construction of a door, and that the alterations of the demised premises are not provided for in the lease. Whereupon, plaintiff James B. Hamilton, Jr., swore and cursed at and in the presence of defendant's wife, Emilie M. Stadden, and that plaintiff threatened that he would gain his objective.

The evidence establishes that after the conversation on March 11, 1941, between plaintiff James B. Hamilton, Jr., and defendant's wife, Emilie M. Stadden, defendant continued to occupy the premises involved free from any interference on the part of plaintiffs, and the evidence does not establish that such threats were made that would in any way constitute an eviction.

". . . it is settled in this State that any wrongful act of the landlord which results in an interference of the tenant's possession, in whole or in part, is an eviction for which the landlord is liable in damages to the tenant": Kelly v. Miller, 249 Pa. 314,316.

"Physical expulsion is not now considered necessary to constitute an eviction. Any act of a landlord which deprives his tenant of that beneficial enjoyment of the premises to which he is entitled under a lease, will amount

in law to an eviction and suspend the rent": McSorley v. Allen, 36 Pa. Superior Ct. 271, 273.

See also McCandless v. Findley, 86 Pa. Superior Ct. 288, 291.

The court is of the opinion that the facts established by the testimony in this case do not constitute an eviction, and therefore the first reason set forth by defendant for opening of the judgment is not sustained.

The second reason set forth by defendant is that, although the judgment was entered by confession upon allegations that defendant had breached one of the covenants of the lease, defendant had breached no provision thereof; that none of the acts demanded to be done by plaintiff James B. Hamilton, Jr., in his letter of March 25, 1941, as set forth in the statement of ejectment herein, constitutes a "necessary repair" as provided for in the covenant of the lease, each demand constituting such a material change of the freehold as to amount to an alteration, except that the repair to the ridgeboard was not a necessary repair since the ridgeboard was in the same condition as it was found to be in on the leasing of the premises to defendant.

One of the covenants of the lease provides as follows:

"The party of the first part expressly reserves the right to enter upon the premises at reasonable times for the purpose of making necessary inspection, repairs or to show the same to prospective purchasers or lessees, and may display 'for rent' or 'for sale' cards thereon."

The contention of defendant is to the effect that the repair clause just cited is not a covenant, or an agreement, or a condition of the lease, but that it is an excise and limits the estate of the lessee in the use of the house, and for that reason defendant has not committed any breach of a covenant, or an agreement, or a condition of the lease. With this contention the court does not agree. The court is of the opinion that the clause is clearly a covenant, and an agreement and condition of the lease.

From the facts established by the evidence in this case, the court is of the opinion that defendant committed a breach of the landlord's expressed right to enter and make necessary repairs under the covenant, and agreement and conditions of the lease, and that such breach on the part of defendant constitutes a default and forfeiture of the rights of a defendant under the covenants, agreements and conditions set forth in the lease agreement.

Consequently, the second reason set forth by defendant for opening of the judgment is not sustained.

The court, therefore, makes the following

## Order

Now, to wit, July 16, 1941, the rule granted upon plaintiffs to show cause why the judgment should not be opened and defendant let into a defense is dismissed, and defendant is directed to pay the costs of this proceeding.